# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION
### www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| PAT MCGRATH COSMETICS LLC,[1] | Case No. 26-10772-LMI |
| Debtor. | |

## DEBTOR'S MOTION FOR AN INTERIM AND
## FINAL ORDER (I) AUTHORIZING PAYMENT OF PREPETITION
## CLAIMS OF CRITICAL VENDORS, AND (II) GRANTING RELATED RELIEF

### *(Emergency Hearing Requested)*

### Basis for Expedited Relief

The Debtor seeks to continue to operate its business in the ordinary course, to preserve the value of its estate, to preserve jobs, and to facilitate its orderly reorganization. Without the immediate relief requested herein, the Debtor may not be able to effectively reorganize and will be irreparably harmed. The Debtor respectfully requests that the Court conduct a hearing on this Motion on or before **Wednesday, January 28, 2026**, consistent with Local Rule 9013-1(F), as the Debtor believes that a hearing on this Motion is needed as soon as practicable in order for it to continue to operate. The Debtor respectfully request that the Court waive the provisions of Local Rule 9075-1(B), which requires an affirmative statement that a bona fide effort was made in order to resolve the issues raised in the Motion, as the relief requested herein is urgent in nature and does not lend itself to advance resolution.

The above-captioned debtor and debtor in possession (the "**Debtor**") respectfully states as follows in support of this motion (this "**Motion**"):

---

[1] The last four digits of Pat McGrath Cosmetics LLC's tax identification number are 3615 and its mailing address is 29 East 19th Street, 8th Floor, New York, NY 10003.

## **Relief Requested**

1.      The Debtor seeks entry of an interim order, substantially in the form attached hereto as **Exhibit B** and final order (respectively, the "**Order**"): (a) authorizing the Debtor to pay certain vendors and service providers critical to the Debtor's business on account of certain prepetition obligations owed thereto, and (b) granting related relief.

## **Jurisdiction and Venue**

2.      The United States Bankruptcy Court for the Southern District of Florida (the "**Bankruptcy Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  The Debtor confirm its consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), to the entry of a final order by the Bankruptcy Court in connection with this Motion to the extent that it is later determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein are sections 105(a) and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**"), Bankruptcy Rule 6003, and Rule 9013-1(a) of the Local Bankruptcy Rules for the Southern District of Florida (the "**Local Rules**").

## **Background**

5.      On January 22, 2026 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing the above-captioned chapter 11 case (the "**Chapter 11 Case**").

6.      The Debtor is operating its business and managing its property as debtor and debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  As of the filing of this Motion, no request has been made for the appointment of a trustee or examiner and no statutory committee has been appointed in the Chapter 11 Case.

**Basis for Relief**

**I.   Pre-Petition Critical Vendor Claims.**

7.      The Debtor seeks authority to pay the pre-petition claims of certain vendors that are critical to the Debtor's business.  The parties critical to the Debtor's operations (collectively, the "**Critical Vendors**"), are set forth in **Exhibit A**[2] attached hereto.  By category, the Critical Vendors can best be understood as follows:

| Critical Services | Amount to be Paid (Interim Relief) | Amount to be Paid (Final Relief) |
|---|---|---|
| Beauty Advisors Salaries/Costs | Approximately $68,922.96 | Approximately $50,863.14 |
| Warehouse/Logistics/Customs/Freight Services | Approximately $193,537.54 | Approximately $1,251,919.28 |
| Products/Packaging/Assembly | Approximately $107,734.67 | Approximately $2,609,649.80 |
| Miscellaneous | Approximately $56,206.90 | Approximately $613,352.83 |
| **TOTAL** | **Approximately $426,402.07** | **Approximately $4,525,785.10** |

---

[2] **Exhibit A** contains the breakdown of Critical Vendors and proposed interim payment of Critical Vendor Claims in the first 21 days of the Debtor's Chapter 11 Case.  Prior to the Final Hearing, the Debtor shall submit a supplemental schedule of Critical Vendors and Critical Vendor Claims comprising all such vendors and claims with respect to which the Debtor shall seek approved payment.

The Debtor deems these vendors to be critical to the maintenance of the Debtor's business.[3]  If payment of the claims of the Critical Vendors, the amounts of which are set forth in **Exhibit A** (collectively, the "**Critical Vendor Claims**") are not paid on at least those terms set forth therein, the Critical Vendors will terminate the services they provide to the Debtor and the Debtor's business will be jeopardized.  Indeed, the maintenance of the Debtor's business is dependent upon the Critical Vendors.  The Debtor believes that payment of the Critical Vendor Claims is fair and reasonable for the services provided.

## II.  Authority for Relief Requested.

8.      Section 363(b)(1) of the Bankruptcy Code provides: "The trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Section 105(a) of the Bankruptcy Code provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.  No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent the abuse of process.

11 U.S.C. § 105(a).  Section 105(a) of the Bankruptcy Code grants bankruptcy courts broad authority and discretion to enforce the provisions of the Bankruptcy Code either under specific statutory fiat or under equitable common law principles.

9.      A bankruptcy court's use of its equitable powers to "authorize the payment of a prepetition debt when such payment is needed to facilitate the rehabilitation of the debtor is not a novel concept."  *In re Ionosphere Clubs, Inc*., 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989).  This equitable common law principle "was first articulated by the United States Supreme Court in

---

[3]  The Debtor hereby reserves the right to amend or supplement the list of Critical Vendors by subsequent motion.

*Miltenberger v. Logansport, C. & SW R. Co.*, 106 U.S. 286 (1882) and is commonly referred to as either the 'doctrine of necessity' or the 'necessity of payment rule.'" *Ionosphere Clubs*, 98 B.R. at 175-76; *see also In re Just For Feet, Inc*., 242 B.R. 821, 824 (D. Del. 1999) ("Certain prepetition claims by employees and trade creditors . . . may need to be paid to facilitate a successful reorganization.") (citing 11 U.S.C. § 105(a)).

10.    Federal courts have consistently permitted postpetition payment of prepetition obligations where necessary to preserve the going-concern value of a debtor's business, thereby facilitating reorganization.    *See, e.g., Miltenberger v. Logansport, Crawfordsville and Southwestern Ry. Co*., 106 U.S. 286, 311 (1882); *In re Lehigh & New England Ry. Co.*, 657 F.2d 570, 581 (3d Cir. 1981); *In re Penn Cent. Transp. Co.*, 467 F.2d 100, 102 (3d Cir. 1972); *Just For Feet*, 242 B.R. 821 at 825 (D. Del. 1999) ("The Supreme Court, the Third Circuit and the District of Delaware all recognize the court's power to authorize payment of prepetition claims when such payment is necessary for the survival during Chapter 11."); *In re Amerigrow Recycling–Delray Limited Partnership, et al.*, Case No. 09-34122-EPK (Bankr. S.D. Fla. Nov. 20, 2009); *In re Toojay's Management LLC, et al.*, Case No. 20-14792-EPK (Bankr. S.D. Fla. May 22, 2023).

11.    The Third Circuit, in *In re Lehigh & New England Railway Co.*, described the doctrine as follows:

> [T]he 'necessity of payment doctrine' . . . [permits] immediate payment of claims of creditors where those creditors will not supply services or materials essential to the conduct of the business until their prepetition claims shall have been paid.

657 F.2d 570, 581 (quoting *In re Penn Central Transp. Co., 467* F.2d 100, 102, n.1 (3rd Cir. 1972). While the "necessity of payment" doctrine originally developed in the context of railroad reorganizations under the Bankruptcy Act, it has been applied in nonrailroad bankruptcies. *See In re Gulf Air, Inc.*, 112 B.R. 152, 153 (Bankr. W.D. La. 1989); *In re Eagle-Picher Indus., Inc.*, 124

B.R. 1021, 1023 (Bankr. S.D. Ohio 1991) ("[T]o justify payment of a prepetition unsecured creditor, debtor must show that the payment is necessary to avert a serious threat to the Chapter 11 process.").

12.    In *Dudley v. Mealey*, 147 F.2d 268 (2d Cir. 1945), *cert. denied,* 325 U.S. 873 (1945), Judge Learned Hand, in applying the necessity of payment doctrine, stated:

> Let it [a hotel] once be shut down, and it will lose much of its value.
> . . . Some priority [the tradesmen supplying the hotel prepetition]
> may be essential to preservation of the business during that period
> as it is later.

*Dudley*, 147 F.2d 268, 271.

13.    Under the doctrine of necessity, a bankruptcy court may exercise its equitable power to authorize a debtor to pay certain critical prepetition claims, even though such payment is not explicitly authorized under the Bankruptcy Code.  Such authority is derived from section 363(b)(1) of the Bankruptcy Code.  "Satisfaction of a pre-petition debt in order to keep 'critical' supplies flowing is a use of property other than in the ordinary course of administering an estate in bankruptcy under section 363(b)(1) of the Bankruptcy Code." *In re Tropical Sportswear Int'l Corp*., 320 B.R. 15, 17 (Bankr. M.D. Fla. 2005) (quoting *In re Kmart Corp*., 359 F.3d 866, 872 (7th Cir. 2004)).[4]

14.    Specifically, an order authorizing the payment of pre-petition amount to critical vendors is appropriate if (a) the payments are necessary to the reorganization process; (b) a sound business justification exists in that the critical vendor(s) refuse to continue to do business with the debtor absent being afforded critical vendor status; and (c) the disfavored creditors are at least as

---

[4]  The Seventh Circuit decision in *In re Kmart Corp*., 359 F.3d. 866 (7th Cir. 2004) is not binding on this Court and is clearly distinguishable from this case.  Here, the Debtor seeks authority to pay specific creditors specific amounts to avoid the serious threat to the Debtor's business.

well off as they would have been had the critical vendor order not been entered. *In re Tropical Sportswear Int'l Corp.*, 320 B.R. 15, 17 (Bankr. M.D. Fla. 2005).

15.    Payment of the amount due to the Critical Vendors is vital to the Debtor's continued maintenance of its business.  The beauty advisors constitute a vital component of the Debtor's business and without their knowledge and services, the Debtor will be substantially hampered in selling its products.  Similarly, without the Critical Vendors supplying services to the Debtor for warehousing, product, and packaging, the Debtor cannot fulfill orders and operate its business.

16.    Moreover, there will be no prejudice to unsecured creditors resulting from the Court's authorization of the requested payments to the Critical Vendors requested herein.  Such payments are absolutely essential to the Debtor's continued maintenance of its business and will inure to the benefit of all stakeholders.   Authorizing the Debtor to pay the Critical Vendors will benefit both favored and disfavored creditors and the entirety of the estate.

17.    Under the "necessity of payment" doctrine articulated in the above-cases, the selective payment of a prepetition claim is manifestly warranted.  It is critical to the Debtor's reorganization and sale efforts that the Debtor pay the Critical Vendor Claims in the amounts set forth herein.  For the avoidance of doubt, any payment contemplated herein shall be consistent with any order(s) authorizing the use of cash collateral and/or debtor in possession financing.

**Reservation of Rights**

18.    Nothing contained in this Motion or any actions taken pursuant to any order granting the relief requested by this Motion is intended or should be construed as (a) an admission as to the validity of any particular claim against the Debtor, (b) a waiver of the Debtor's rights to dispute any particular claim on any grounds, (c) a promise or requirement to pay any particular claim, (d) an implication or admission that any particular claim is of a type specified or defined in

this Motion or any order granting the relief requested by this Motion, (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, (f) a waiver or limitation of the Debtor's rights under the Bankruptcy Code or any other applicable law, or (g) a concession by the Debtor that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Motion are valid, and the Debtor expressly reserves its rights to contest the extent, validity, or perfection or seek avoidance of all such liens.  If the Bankruptcy Court grants the relief sought herein, any payment made pursuant to the Bankruptcy Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtor's rights to subsequently dispute such claim.

## **Motion Practice**

19.     This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of its application to this Motion. Accordingly, the Debtor submits that this Motion satisfies Local Rule 9013-1.

## **Prior Request**

20.     No prior motion for the relief requested herein has been made to this or any other court.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtor respectfully requests that the Court enter an interim order in the form attached hereto as **Exhibit B** and a final order after further hearing (i) granting the relief requested in this Motion; (ii) authorizing the Debtor to pay the Critical Vendor Claims, as set forth in **Exhibit A**, and (iii) granting such other relief as the Court deems just and proper.

Dated: January 25, 2026
      Miami, Florida

Respectfully submitted,

**PACK LAW**
51 Northeast 24th Street, Suite 108
Miami, Florida 33137
Telephone: (305) 916-4500

By:  */s/ Joseph A. Pack*
      Joseph A. Pack
      Email:  joe@packlaw.com
      Florida Bar No. 117882
      Robert G. Burns (*Pro Hac Vice Pending*)
      Email: robert@packlaw.com
      Jessey J. Krehl
      Email:  jessey@packlaw.com
      Florida Bar No. 1025848

*Proposed Counsel to the Debtor*
*and Debtor-in-Possession*

**<u>Exhibit A</u>**

**Critical Vendors List**

| Vendor | Description | Interim Period Payment |
|---|---|---|
| 24 Seven LLC | Beauty Advisor Salaries/Costs | $ 32,292.00 |
| 24 Seven UK Ltd | Beauty Advisors | $ 1,200.92 |
| 765712 China Duty Free Group Co., Ltd (CDFG) | Beauty Advisor Salaries/Costs - China | $ 2,357.14 |
| A360 Enterprises, LLC (DBA Allyant) | Website Accessibility | $ 3,750.00 |
| Artisan People Beauty Ltd | Beauty Advisor Salaries/Costs - Selfrdges | $ 1,671.58 |
| BIORIUS SPRL | Regulatory | $ 5,205.83 |
| CEVA LOGISTICS AIR & OCEAN NETHERLANDS E | Freight Forwarder | $ 1,995.24 |
| ColorCrew | Beauty Advisor Salaries/Costs - Belgium | $ 4,941.28 |
| DHL Express USA INC | Courier Service | $ 3,822.40 |
| DiCentral | EDI Partner | $ 2,392.95 |
| FedEx 8405 | Courier Service | $ 4,977.31 |
| Fieldflex Europe SaS | Beauty Advisor Salaries/Costs - Portugal | $ 3,499.11 |
| Fiscal Rep BV | Customs/Duty/Vat Agent | $ 13,569.54 |
| Frogstack Ltd | Integration Platform (NS to Shopify, Ryder, T-Logistics) | $ 12,119.01 |
| Geodis USA Inc. | Freight Forwarder - Sephora Thailand | $ 910.58 |
| Google LLC: Workspace | Gmail/Drive/Meets | $ 6,373.96 |
| Harrods Ltd | Beauty Advisor Salaries/Costs - Harrods Dept Store | $ 22,960.93 |
| Intercos America, INC. | Product | $ 21,399.66 |
| Kum Ltd | Product | $ 3,907.81 |
| Logfret, Inc | Freight Forwarder | $ 49,483.54 |
| Marketing Alliance Group | Ulta Visual Merdchandising | $ 7,273.46 |
| Meiyume USA | Products/Packaging/Assembly | $ 60,405.44 |
| NCAL Regulatory Associates LLC (Najla LaFond)) | Regulatory | $ 9,916.67 |
| Pinterest | Digital Advertising | $ 1,479.63 |
| REGI SRL | Product | $ 22,021.77 |
| Ryder Commerce by Whiplash | Warehouse | $ 75,959.19 |
| Shanghai In One Guarantee Supply Chain Managem | China Warehouse | $ 3,055.09 |
| SPS Commerce | EDI Partner | $ 1,972.00 |
| TLogistics B.V. | Warehouse | $ 25,440.64 |
| Uline | Shipping Supplies | $ 2,151.66 |
| VELOX Media LLC | Digital Search/Strategy/Optimization | $ 10,088.33 |
| Worldwide Freight Logistics Limited T/A Zencargo | Freight Forwarders | $ 7,807.40 |

**<u>Exhibit B</u>**

**Proposed Interim Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**www.flsb.uscourts.gov**

| | |
|---|---|
| In re: | Chapter 11 |
| PAT MCGRATH COSMETICS LLC,[1] | Case No. |
| Debtor. | |

**INTERIM ORDER (I) AUTHORIZING PAYMENT OF PREPETITION**
**CLAIMS OF CRITICAL VENDORS, AND (II) GRANTING RELATED RELIEF**

Upon the motion [Dkt. No. _____] (the "**Motion**"),[2] of the above-captioned debtor and debtor in possession (the "**Debtor**") for entry of an order (this "**Order**"), pursuant to sections 105 and 363 of the Bankruptcy Code, (i) authorizing, but not directing, the Debtor to pay certain prepetition claims of Critical Vendors, and (ii) granting related relief, all as more specifically set forth in the Motion; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§

---

[1] The last four digits of Pat McGrath Cosmetics LLC's tax identification number are 3615 and its mailing address is 29 East 19th Street, 8th Floor, New York, NY 10003.

[2] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. §

157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district

is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief

requested in the Motion is in the best interests of the Debtor, its estate, its creditors, and other

parties in interest; and the Court having found that the Debtor's notice of the Motion and

opportunity for a hearing on the Motion was appropriate and no other notice need be provided;

and the Court having reviewed the Motion and having heard the statements in support of the relief

requested therein at a hearing before the Court (the "**Hearing**") on January __, 2026; and the Court

having determined that the legal and factual bases set forth in the Motion and at the Hearing

establish just cause for the relief granted herein; and upon all of the proceedings had before the

Court; and after due deliberation and sufficient cause appearing therefor,

  **IT IS HEREBY ORDERED THAT:** [3]

  1. The Motion is GRANTED as set forth herein.

  2. The Debtor is authorized, but not directed, to pay the claims of the Critical Vendors

identified in the Motion as set forth in **Exhibit A** attached thereto to satisfy the Critical Vendor

Claims; *provided, however,* in connection with this Interim Order the Debtor's payment of Critical

Vendor Claims shall not exceed the amounts set forth in **Exhibit A**.  The Critical Vendors will

continue to provide the Debtor with the same services they provided to the Debtor prior to the

Petition Date upon payment of the Critical Vendor Claims.

  3. The contents of the Motion are deemed to satisfy the requirements set forth in

Bankruptcy Rules 6003 and 6004.

---

[3] Findings of fact shall be construed as conclusions of law, and conclusions of law shall be construed as findings of fact when appropriate.  *See* Fed. R. Bankr. P. 7052.

4.      Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (a) the terms of this Order shall be immediately effective and enforceable upon its entry, (b) the Debtor is not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (c) the Debtor may, in its discretion and without further delay, take any action and perform any act authorized under this Order.

5.      The Court retains jurisdiction with respect to all matters arising from or related to the interpretation, implementation or enforcement of this Order.

###

**Submitted by:**
Joseph A. Pack, Esq.
*Proposed Counsel for the Debtor and Debtor-in-Possession*
Pack Law, P.A.
51 Northeast 24th Street, Suite 108
Miami, Florida 33137
Tel: 305-916-4500
Email: joe@packlaw.com

Attorney Joseph A. Pack, Esq. is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF pursuant to applicable rules.