**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**
www.flsb.uscourts.gov

In re:

PAT MCGRATH COSMETICS LLC,[1]

Debtor.

Chapter 11

Case No. 26-10772-LMI

**DEBTOR'S MOTION FOR ENTRY OF AN ORDER
(A) AUTHORIZING THE DEBTOR TO (I) PAY PREPETITION EMPLOYEE
WAGES, SALARIES AND OTHER COMPENSATION, AND (II) CONTINUE
EMPLOYEE BENEFITS PROGRAMS, AND (B) GRANTING RELATED RELIEF**

*(Emergency Hearing Requested)*

**Basis for Expedited Relief**

The Debtor seeks to continue to operate its business in the ordinary course, to preserve the value of its estate, to preserve jobs, and to facilitate its orderly reorganization. Without the immediate relief requested herein, the Debtor may not be able to effectively reorganize and will be irreparably harmed. The Debtor respectfully requests that the Court conduct a hearing on this Motion on or before **Wednesday, January 28, 2026**, consistent with Local Rule 9013-1(F), as the Debtor believes that a hearing on this Motion is needed as soon as practicable in order for it to continue to operate. The Debtor respectfully request that the Court waive the provisions of Local Rule 9075-1(B), which requires an affirmative statement that a bona fide effort was made in order to resolve the issues raised in the Motion, as the relief requested herein is urgent in nature and does not lend itself to advance resolution.

The above-captioned debtor and debtor in possession (the "**Debtor**") respectfully states as follows in support of this motion (this "**Motion**"):

**Relief Requested**

---

[1] The last four digits of Pat McGrath Cosmetics LLC's tax identification number are 3615 and its mailing address is 29 East 19th Street, 8th Floor, New York, NY 10003.

1.      The Debtor seeks entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Order**"), (a) authorizing, but not requiring, the Debtor to (i) pay prepetition wages, salaries, and other compensation, and (ii) continue employee benefits programs in the ordinary course, and (b) granting related relief including payment of certain prepetition obligations related thereto.

### Jurisdiction and Venue

2.      The United States Bankruptcy Court for the Southern District of Florida (the "**Bankruptcy Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  The Debtor confirms its consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), to the entry of a final order by the Bankruptcy Court in connection with this Motion to the extent that it is later determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein are sections 105, 345, 363, 364, and 503 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**"), Bankruptcy Rule 6004, and rule 9013-1(a) of the Local Bankruptcy Rules for the Southern District of Florida (the "**Local Rules**").

### Background

5.      On January 22, 2026, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing the above-captioned chapter 11 case (the "**Chapter 11 Case**") in the United States Bankruptcy Court for the Southern District of Florida.

6.      The Debtor is operating its business and managing its property as a debtor and debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. As of the filing of this Motion, no request has been made for the appointment of a trustee or examiner and no statutory committee has been appointed in the Chapter 11 Case.

**The Debtor's Workforce**

7.      As of the Petition Date, the Debtor has 62 United States employees, 31 European employees and 61 contract workers (the "**Employees**").  The Employees work approximately 40-hour work weeks.  The Employees perform a wide variety of functions that are critical to the administration of this Chapter 11 Case and the Debtor's go-forward business operations.  In many instances, the Employees include highly trained personnel with detailed knowledge of the Debtor who cannot be easily replaced.  Without the continued, uninterrupted services of the Employees, the ability of the Debtor to maintain and administer its estate will be materially impaired.

8.      The Employees rely on their compensation and benefits to pay their daily living expenses and to support their families.  Were the Debtor not permitted to continue paying wages and salaries to Employees, as well as provide benefits and maintain existing employee programs in the ordinary course of business, the Debtor's workforce would experience significant financial hardship.  Accordingly, the Debtor respectfully submits that the relief requested herein is necessary and appropriate under the facts and circumstances of this Chapter 11 Case.

**Employee Compensation and Benefits**

9.      The Debtor seeks to minimize the personal financial burden Employees would suffer if prepetition obligations are not paid or remitted when due or as expected.  By this Motion, the Debtor seeks authority to: (a) pay and honor certain prepetition claims relating to, among other things, wages, salaries, and other compensation, payroll services, federal and state withholding

3

taxes and other amounts withheld (including garnishments, Employees' share of insurance premiums, and taxes), health insurance, workers' compensation benefits, and certain other benefits that the Debtor has historically provided in the ordinary course as discussed in more detail below (collectively, the "**Employee Compensation and Benefits**"); and (b) pay all costs incident to the Employee Compensation and Benefits, including any prepetition amounts related thereto. The Debtor does not seek authority to pay special bonuses or compensation arrangements through this Motion.

10.     Subject to Bankruptcy Court approval, the Debtor intends to continue its applicable prepetition Employee Compensation and Benefits in the ordinary course.  Out of an abundance of caution, the Debtor further requests authority to modify, change, and/or discontinue any of its Employee Compensation and Benefits and/or to implement new programs, policies, and benefits in the ordinary course of business during this Chapter 11 Case and without the need for further Bankruptcy Court approval, subject to applicable law.

11.     In the ordinary course of business, the Debtor pays its U.S.-based Employees on a biweekly basis and its international Employees on a monthly basis.  The Debtor's next payroll funding, covering a combined U.S. and international payroll period, is scheduled for January 28, 2026.  Pursuant to Local Rule 9013-1(I), a schedule containing: (a) the names of the Employees (domestic, insiders, and non-insiders) to whom prepetition wages and compensation are sought to be paid, (b) the approximate amount due each Employee as of the Petition Date, (c) the amounts to be withheld from such wages and compensation, including all applicable payroll taxes and related benefits, (d) the period of time for which prepetition wages and compensation are due, (e) whether the Employee is presently hired by the Debtor, and (f) whether any of the

Employees are insiders as defined in section 101(31) of the Bankruptcy Code, are attached hereto as **<u>Exhibit B</u>**.[2]

12.    As of the Petition Date, the Debtor estimates the total amount outstanding on account of the Employee Compensation and Benefits is approximately $689,324.63, all of which will become due and owing within the first 21 days of this Chapter 11 Case.

**I.    Employee Compensation and Withholding Obligations.**

        **A.    Unpaid Wages.**

13.    The Debtor pays Employee wages, salaries, and other compensation on a weekly basis (the "**<u>Wages</u>**"). Because of the Debtor's liquidity issues and because Employees are generally paid in arrears, certain Employees will be owed accrued but unpaid Wages as of the Petition Date. Wages may also be due and owing as of the Petition Date because of, among other things, potential discrepancies between the amounts paid and the amounts that Employees believe they should have been paid, which, upon resolution, may reveal that additional amounts are owed to such Employees.

14.    As of the Petition Date, the Debtor estimates that it owes approximately $281,643.59 in accrued and unpaid Wages (the "**<u>Unpaid Wages</u>**"), all of which has become due and owing before the Petition Date.  Accordingly, by this Motion, the Debtor seeks authority to pay any accrued Unpaid Wages and continue to pay Wages on a postpetition basis in the ordinary course of business and consistent with past practices.

---

[2]  The names of the Employees on the attached schedule have been redacted in order to prevent discord among the Employees that could result from disclosure of their respective compensation, but the Debtor shall provide an unredacted schedule to the Office of the United States Trustee upon request.

### B. Withholding Obligations and Payroll Taxes.

15.     During each applicable payroll period, the Debtor, through its payroll processor, routinely deducts certain amounts from Employees' paychecks, including garnishments, child support, and similar deductions, as well as other pre-tax and after-tax deductions payable pursuant to certain employee benefit plans discussed herein, such as an Employee's share of healthcare benefits and insurance premiums, legally ordered deductions, and miscellaneous deductions (collectively, the "**Deductions**") and forward such amounts to various third-party recipients.

16.     The Debtor also is required by law to withhold from the Wages amounts related to, among other things, federal, state, and local income taxes, and Social Security and Medicare taxes (collectively, the "**Employee Payroll Taxes**") for remittance to the appropriate federal, state, or local taxing authorities.  After matching the Employee Payroll Taxes, the Debtor must then pay additional amounts for federal and state unemployment insurance, Social Security, and Medicare taxes (the "**Employer Payroll Taxes**" and, together with the Employee Payroll Taxes, the "**Payroll Taxes**").  The Payroll Taxes generally are processed and forwarded by the Debtor's payroll processor to the appropriate federal, state, and local taxing authorities at the same time the Employees' payroll checks are disbursed.

17.     As of the Petition Date, the Debtor estimates that approximately $27,948.57 of accrued but unpaid Deductions and Payroll Taxes (together, the "**Withholding Obligations**") have not been remitted to the appropriate third-party payees, approximately all of which will become due and owing within the first 21 days of this Chapter 11 Case.  Accordingly, the Debtor seeks authority to remit the Withholding Obligations to the respective third-party payees and to continue to honor and process the Withholding Obligations on a postpetition basis in the ordinary course of business.

### C.    Payroll Processing.

18.    The Debtor uses Deel Inc., doing business as "DEEL Payroll" (the "**Payroll Processor**"), for payroll processing and other payroll-related services.  The Payroll Processor processes payroll biweekly for the Debtor with respect to the U.S. Employees and monthly with respect to international Employees.  As of the Petition Date, the Debtor does not owe the Payroll Processor for any payroll services, but by this Motion seeks the authority to continue administering payroll on a postpetition basis in the ordinary course of business and consistent with past practices.

## II.    Employee Benefits Programs.

### A.    Health Benefit Plans.

19.    The Debtor provides one of its employees a number of health benefit plans, including medical, dental, and vision plans through the Payroll Processor (collectively, the "**Health Benefit Plans**").

20.    As of the Petition Date, the Debtor does not owe any amounts on account of the Health Benefit Plans, however, approximately $32,265.79 will become due and owing on account of the Health Benefit Plans within the first 21 days of this Chapter 11 Case.  Accordingly, the Debtor seeks authority to continue the Health Benefit Plans on a postpetition basis in the ordinary course of business and consistent with past practices.

### B.    Workers' Compensation Program.

21.    The Debtor is fully insured and maintain workers' compensation insurance through the Payroll Processor at the levels statutorily required by law in the states in which the Debtor operates for claims arising from or related to their employment with the Debtor (the "**Workers' Compensation Program**").  As of the Petition Date, the Debtor estimates that it owes approximately $792.16 on account of the Workers' Compensation Program, all of which will come due in the first 21 days of this Chapter 11 Case.

22.    By this Motion, the Debtor seeks authority to continue the Workers' Compensation Program in the ordinary course of business and pay any prepetition amounts related thereto.  It is critical that the Debtor be permitted to continue its Workers' Compensation Program.  The failure to provide coverage may subject the Debtor and/or its officers to severe penalties.

**Basis for Relief**

**I.    Sufficient Cause Exists to Authorize the Debtor to Honor the Employee Compensation and Benefits Obligations.**

**A.    Certain of the Employee Compensation and Benefits Are Entitled To Priority Treatment.**

23.    Sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code entitle the majority of the Employee Compensation and Benefits to priority treatment.  As priority claims, the Debtor is required to pay these claims in full to confirm a chapter 11 plan.  *See* U.S.C. § 1129(a)(9)(B) (requiring payment of certain allowed unsecured claims, given priority under sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code, for (a) wages, salaries or commissions, including vacation, severance, and sick leave pay earned by an individual and (b) contributions to an employee benefit plan).  To the extent that an Employee receives no more than $17,150 on account of claims entitled to priority, the relief sought with respect to compensation only affects the timing of payments to Employees and does not have any material negative impact on recoveries for general unsecured creditors.  Indeed, the Debtor submits that payment of the Employee Compensation and Benefits at this time enhances value for the benefit of all interested parties.  Finding, attracting, and training new qualified talent would be extremely difficult and would most likely require higher salaries, guaranteed bonuses, and more comprehensive compensation packages than are currently provided to Employees.

**B.    Payment of Certain Employee Compensation and Benefits Is Required by Law.**

24.    The Debtor seeks authority to pay the Withholding Obligations to the appropriate third-party payees.  These amounts principally represent Employee earnings that governments, Employees, and judicial authorities have designated for deduction from Employees' wages. Indeed, certain Withholding Obligations are not property of the Debtor's estate because the Debtor has withheld such amounts from Employees' wages on another party's behalf.  *See* 11 U.S.C. §§ 541(b)(1), (d).  Further, federal and state laws require the Debtor to withhold certain tax payments from Employees' wages and to pay such amounts to the appropriate taxing authority.  *See* 26 U.S.C. §§ 6672, 7501(a); *see also City of Farrell v. Sharon Steel Corp.*, 41 F.3d 92, 95–97 (3d Cir. 1994) (finding that state law requiring a corporate debtor to withhold city income tax from its employees' wages created a trust relationship between debtor and the city for payment of withheld income taxes); *In re Ducharme's & Co.*, 852 F.2d 194, 196 (6th Cir. 1988) (noting that individual officers of a company may be held personally liable for failure to pay trust fund taxes).  Because the Withholding Obligations may not be property of the Debtor's estate, the Debtor requests authorization to transmit the Withholding Obligations to the proper parties in the ordinary course of business.

25.    Similarly, state laws require the Debtor to maintain the Workers' Compensation Program.  If the Debtor fails to maintain the Workers' Compensation Program, state laws may prohibit the Debtor from operating in those states.  Payment of all obligations related to the Workers' Compensation Program is therefore crucial to the Debtor's continued operations and the success of this Chapter 11 Case.

II.    **Payment of the Employee Compensation and Benefits is Warranted Under Section 363(b)(1) of the Bankruptcy Code and the Doctrine of Necessity.**

26.    Courts generally acknowledge that it is appropriate to authorize the payment (or other special treatment) of prepetition obligations in appropriate circumstances.  *See, e.g., In re Ionosphere Clubs, Inc.*, 98 B.R. 175 (Bankr. S.D.N.Y. 1989) (granting authority to pay prepetition wages); *see also Armstrong World Indus., Inc. v. James A. Phillips, Inc.*, (*In re James A. Phillips, Inc.),* 29 B.R. 391, 398 (S.D.N.Y. 1983) (granting authority to pay prepetition claims of suppliers who were potential lien claimants).  In authorizing payments of certain prepetition obligations, courts have relied on several legal theories rooted in sections 1107(a), 1108, 363(b), 507, and 105(a) of the Bankruptcy Code.

27.    Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, a debtor in possession is a fiduciary "holding the bankruptcy estate and operating the business for the benefit of its creditors and (if the value justifies) equity owners."  *In re CoServ, L.L.C.*, 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002).  Implicit in the fiduciary duties of any debtor in possession is the obligation to "protect and preserve the estate, including an operating business's going-concern value."  *Id.*  Some courts have noted that there are instances in which a debtor can fulfill this fiduciary duty "only . . . by the preplan satisfaction of a prepetition claim."  *Id.*  The *CoServ* court specifically noted that satisfaction of prepetition claims would be a valid exercise of the debtor's fiduciary duty when the payment "is the only means to effect a substantial enhancement of the estate."  *Id.*

28.    Consistent with a debtor's fiduciary duties, courts have also authorized payment of prepetition obligations under section 363(b) of the Bankruptcy Code where a sound business purpose exists for doing so.  *See, e.g., Ionosphere Clubs*, 98 B.R. at 175 (discussing prior order authorizing payment of prepetition wage claims pursuant to section 363(b) and noting that relief

is appropriate where payment is needed to "preserve and protect its business and ultimately reorganize, retain its currently working employees and maintain positive employee morale."); *see also James A. Phillips, Inc.*, 29 B.R. at 397 (relying on section 363 to allow contractor to pay prepetition claims of suppliers who were potential lien claimants because the payments were necessary for general contractors to release funds owed to debtors). Specifically, the business judgment standard requires that a debtor "articulate some business justification, other than mere appeasement of major creditors." *Ionosphere Clubs*, 98 B.R. at 175.

29.     In addition, courts may authorize payment of prepetition claims in appropriate circumstances based on section 105(a) of the Bankruptcy Code, which codifies the Bankruptcy Court's inherent equitable powers to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Under section 105(a) of the Bankruptcy Code, courts may authorize preplan payments of prepetition obligations when essential to the continued operation of a debtor's business. *See In re C.A.F. Bindery, Inc.*, 199 B.R. 828, 835 (Bankr. S.D.N.Y. 1996); *see also In re Fin. News Network Inc.*, 134 B.R. 732, 735–36 (Bankr. S.D.N.Y. 1991) (holding that the "'doctrine of necessity' stands for the principle that a bankruptcy court may allow pre-plan payments of prepetition obligations where such payments are critical to the debtor's organization"). Specifically, the Bankruptcy Court may use its power under section 105(a) of the Bankruptcy Code to authorize payment of prepetition obligations pursuant to the "necessity of payment" rule (also referred to as the "doctrine of necessity"). *See Ionosphere Clubs*, 98 B.R. at 176.

30.     The Debtor submits that the payment of the Employee Compensation and Benefits represents a sound exercise of the Debtor's business judgment, is necessary to avoid immediate and irreparable harm to the Debtor's estate and Employees, and is therefore justified under sections

105(a) and 363(b) of the Bankruptcy Code.  Paying prepetition wages, employee benefits, and similar obligations will benefit the Debtor's estate and its creditors by allowing the Debtor's business operations to continue without interruption.  Indeed, the Debtor believes that without the relief requested herein, Employees may seek alternative employment opportunities, perhaps with the Debtor's competitors.  Such a development would deplete the Debtor's workforce, thereby hindering the Debtor's ability to operate its business and, likely, diminishing stakeholder confidence in the Debtor's ability to successfully reorganize.  The loss of valuable Employees and the resulting need to recruit new personnel (and the attendant costs) would be a distraction from focusing on stabilizing the Debtor's business operations at this crucial time.  Accordingly, there can be no doubt that the Debtor must do its utmost to retain its workforce by, among other things, continuing to honor all wage, benefits, and related obligations, including the prepetition Employee Compensation and Benefits.

31.    In addition, the Employees rely on the Employee Compensation and Benefits to satisfy their daily living expenses and expect and require their Wages to arrive on a timely basis. Consequently, Employees will be exposed to significant financial difficulties if the Debtor is not permitted to expeditiously honor its obligations related thereto.  Moreover, failure to satisfy such obligations will jeopardize Employee morale and loyalty at a time when Employee support is critical to the Debtor's businesses.  Further, if the Debtor is not able to honor its various obligations under the insurance programs described herein, Employees will not receive health coverage and, thus, may be obligated to pay certain health care claims that the Debtor has not satisfied.  The loss of health care coverage will result in considerable anxiety for Employees (and likely attrition) at a time when the Debtor need such Employees to perform their jobs at peak efficiency.  Additionally, as set forth above, Employee attrition would cause the Debtor to incur additional expenses to find

appropriate and experienced replacements, severely disrupting the Debtor's operations at this critical juncture.

32.     The importance of a debtor's employees to its operations has been repeatedly recognized by courts in this district, and such courts have granted relief similar to the relief requested herein.  *See, e.g., In re Frontier Commc'ns. Corp.*, No. 20-22476 (RDD) (Bankr. S.D.N.Y. May 26, 2020) (authorizing debtors to continue employee compensation and benefit programs and pay certain prepetition obligations related thereto on a postpetition basis); *In re Deluxe Entm't Servs. Grp. Inc.*, No. 19-23774 (RDD) (Bankr. S.D.N.Y. Oct. 25, 2019) (same); *In re Barneys New York, Inc.*, No. 19-36300 (CGM) (Bankr. S.D.N.Y. September 4, 2019) (same); *In re Hollander Sleep Prods., LLC*, No. 19-11608 (MEW) (Bankr. S.D.N.Y. July 2, 2019) (same); *In re Sungard Availability Servs. Cap.*, Inc. No. 19-22915 (RDD) (Bankr. S.D.N.Y. May 2, 2019).

33.     Accordingly, the Debtor respectfully requests that the Bankruptcy Court authorize the Debtor to pay any prepetition amounts accrued and unpaid on account of the Employee Compensation and Benefits and to continue the Employee Compensation and Benefits on a postpetition basis in the ordinary course of business and consistent with past practices.

### The Requirements of Bankruptcy Rule 6003 Are Satisfied

34.     Bankruptcy Rule 6003 empowers a court to grant relief within the first 21 days after the Petition Date "to the extent that relief is necessary to avoid immediate and irreparable harm." As set forth in this Motion, the Debtor believes an immediate and orderly transition into chapter 11 is critical to the viability of its operations and that any delay in granting the relief requested could hinder the Debtor's operations and cause irreparable harm.  Furthermore, the failure to receive the requested relief during the first 21 days of this Chapter 11 Case would severely disrupt the Debtor's operations at this critical juncture and imperil the Debtor's restructuring.

Accordingly, the Debtor submits that it has satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 to support granting the relief requested herein.

### Waiver of Bankruptcy Rules 6004(a) and 6004 (h)

35.     To successfully implement the foregoing, the Debtor requests that the Bankruptcy Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtor has established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

### Reservation of Rights

36.     Nothing contained in this Motion or any actions taken pursuant to any order granting the relief requested by this Motion is intended or should be construed as (a) an admission as to the validity of any particular claim against the Debtor, (b) a waiver of the Debtor's rights to dispute any particular claim on any grounds, (c) a promise or requirement to pay any particular claim, (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion, (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, (f) a waiver or limitation of the Debtor's rights under the Bankruptcy Code or any other applicable law, or (g) a concession by the Debtor that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Motion are valid, and the Debtor expressly reserves its rights to contest the extent, validity, or perfection or seek avoidance of all such liens.  If the Bankruptcy Court grants the relief sought herein, any payment made pursuant to the Bankruptcy Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtor's rights to subsequently dispute such claim.

WHEREFORE, the Debtor respectfully requests that the Court enter an order in the form attached hereto as **Exhibit A** (i) granting the relief requested in this Motion, (ii) authorizing the Debtor to pay the amounts described in the Motion, and (iii) granting such other relief as the Court deems just and proper.

Dated: January 25, 2026
      Miami, Florida

                         Respectfully submitted,

                         **PACK LAW**
                         51 Northeast 24th Street, Suite 108
                         Miami, Florida 33137
                         Telephone: (305) 916-4500

                         By:   /s/ Joseph A. Pack
                             Joseph A. Pack
                             Email:  joe@packlaw.com
                             Florida Bar No. 117882
                             Robert G. Burns (*Pro Hac Vice Pending*)
                             Email: robert@packlaw.com
                             Jessey J. Krehl
                             Email:  jessey@packlaw.com
                             Florida Bar No. 1025848

                         *Proposed Counsel to the Debtor*
                         *and Debtor-in-Possession*

**<u>Exhibit A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| PAT MCGRATH COSMETICS LLC,[1] | Case No. 26-10772-LMI |
| Debtor. | |

**ORDER (A) AUTHORIZING THE DEBTOR TO (I) PAY PREPETITION EMPLOYEE WAGES, SALARIES, AND OTHER COMPENSATION, AND (II) CONTINUE EMPLOYEE BENEFITS PROGRAMS, AND (B) GRANTING RELATED RELIEF**

Upon the motion, (the "**Motion**")[2] of Pat McGrath Cosmetics LLC, the above-captioned debtor and debtor in possession (the "**Debtor**") for entry of an order (the "**Order**"), (a) authorizing the debtor to (i) pay prepetition employee wages, salaries, and other compensation, and (ii) continue employee benefits programs, and (b) granting related relief, all as more fully set forth

---

[1] The last four digits of Pat McGrath Cosmetics LLC's tax identification number are 3615 and its mailing address is 29 East 19th Street, 8th Floor, New York, NY 10003.

[2] All captioned items not otherwise defined herein shall have the meanings ascribed to them in the Motion.

in the Motion; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtor, its estate, its creditors, and other parties in interest; and the Court having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion was appropriate and no other notice need be provided; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is **GRANTED** as set forth herein.

2.      The Debtor is authorized to: (a) continue, modify, change, and discontinue the Employee Compensation and Benefits in the ordinary course of business during this Chapter 11 Case and without the need for further Bankruptcy Court approval, subject to applicable law, and (b) pay and honor prepetition amounts outstanding under or related to the Employee Compensation and Benefits Programs in the ordinary course of business.

3.      Nothing herein shall be deemed to authorize the payment of any prepetition amounts above the statutory cap imposed by sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code with respect to the prepetition amounts owed on account of the Employee Compensation and Benefits, except upon further order of this Bankruptcy Court.

4.      Nothing herein shall be deemed to authorize the payment of any amounts that violate or implicate section 503(c) of the Bankruptcy Code.

5.      The Debtor is authorized to forward any unpaid amounts on account of Deductions or Payroll Taxes to the appropriate third-party recipients or taxing authorities in accordance with the Debtor's prepetition policies and practices.

6.      Nothing contained herein is intended or should be construed to create an administrative priority claim on account of the Employee Compensation and Benefits obligations.

7.      Nothing herein or in the Motion shall be construed as to limit, or in any way affect, the Debtor's ability to dispute or contest the amount of or basis for any claims against the Debtor.

8.      All applicable financial institutions are authorized and directed to receive, process, honor, and pay, at the Debtor's direction, to the extent of funds on deposit or otherwise available therefor, any and all checks drawn or electronic fund transfers requested or to be requested by the Debtor in respect of any obligations contemplated within this Order.

9.      The Debtor is authorized, but not directed, to issue new postpetition checks, or effect new electronic fund transfers, on account of any payments made hereunder to replace any prepetition checks or electronic fund transfer requests that may be lost or dishonored or rejected as a result of the commencement of the Debtor's Chapter 11 Case.

10.     Nothing contained in this Order or in the Motion, and no payments made pursuant to this Order are intended to be or shall be construed as (a) an admission as to the validity, priority, or perfection of any claim or lien against the Debtor or its property, (b) a waiver of the Debtor's or any appropriate party in interest's rights to avoid or dispute any claim or lien against the Debtor or its property, or (c) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code. Likewise, any payment made pursuant to this Order is

3

not intended to be and shall not be construed as an admission to the validity, priority, or amount of any claim or a waiver of the Debtor's rights to dispute such claim subsequently.

11.     Notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by, any party.

12.     The contents of the Motion are deemed to satisfy the requirements set forth in Bankruptcy Rules 6003 and 6004.

13.     Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtor is not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtor may, in its discretion and without further delay, take any action and perform any act authorized under this Order.

14.     The Court retains jurisdiction with respect to all matters arising from or related to the interpretation, implementation or enforcement of this Order.

###

**Submitted by:**
Joseph A. Pack, Esq.
*Proposed Counsel for the Debtor and Debtor-in-Possession*
Pack Law, P.A.
51 Northeast 24th Street, Suite 108
Miami, Florida 33137
Tel: 305-916-4500
Email: joe@packlaw.com

Attorney Joseph A. Pack, Esq. is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF pursuant to applicable rules.

## **Exhibit B**

**Schedule Pursuant to Local Rule 9013-1(I)**