**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| PAT MCGRATH COSMETICS LLC,[1] | Case No. 26-10772-LMI |
| Debtor. | |

**DEBTOR'S _EXPEDITED_ MOTION FOR ENTRY OF**
**AN ORDER (I) CONDITIONALLY APPROVING DEBTOR'S**
**DISCLOSURE STATEMENT, (II) APPROVING THE SOLICITATION**
**AND VOTING PROCEDURES WITH RESPECT TO CONFIRMATION OF**
**THE PROPOSED CHAPTER 11 PLAN, AND (III) GRANTING RELATED RELIEF**

*(Request for Expedited Consideration)*

**(The Debtor respectfully requests an expedited hearing**
**on this Motion on March 5, 2026 at 4:00 p.m. (ET))**

The above-captioned debtor and debtor-in-possession (the "**Debtor**"), by and through its undersigned counsel, files this motion (the "**Motion**"), and in support hereof respectfully states as follows:

**Relief Requested**

1.      By this Motion, the Debtor seeks entry of an order, substantially in the form attached hereto as **Exhibit 1** (the "**Disclosure Statement Order**") granting the following relief:

(a)      conditionally approving the Disclosure Statement[2] as containing adequate information as required by section 1125 of Bankruptcy Code;

---

[1] The last four digits of Pat McGrath Cosmetics LLC's tax identification number are 3615 and its mailing address is 29 East 19th Street, 8th Floor, New York, NY 10003.

[2] As used herein, "**Disclosure Statement**" means the *Disclosure Statement for Plan of Reorganization of Pat McGrath Cosmetics LLC Pursuant to Chapter 11 of the Bankruptcy Code* (as amended, supplemented, or otherwise modified from time to time) [Dkt. No. 105].

(b)      scheduling a hearing to consider confirmation of the Plan;[3]

(c)      approving the form of ballots to vote to accept or reject the Plan (the "**Ballots**");

(d)      establishing a deadline for the submission of Ballots and procedures for the tabulation of Ballots;

(e)      establishing a deadline for objections to confirmation of the Plan (the "**Objection Deadline**") and approving related procedures;

(f)      establishing a deadline to file combined papers in support of confirmation of the Plan and replying to any objections (the "**Reply Deadline**");

(g)      approving the solicitation procedures regarding votes to accept or reject the Plan (the "**Solicitation Procedures**");

(h)      approving the form and manner of notice of the Combined Hearing (the "**Combined Hearing Notice**"); and

(i)      granting related relief.

## **Procedural Background**

2.      On January 22, 2026 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing the Chapter 11 Case before the Bankruptcy Court.

3.      The Debtor is operating its business and managing its property as debtor and debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  As of the filing of this Motion, no request has been made for the appointment of a trustee or examiner and no statutory committee has been appointed in the Chapter 11 Case.

4.      On January 27, 2026, the Clerk's Office docketed the *Notice of Chapter 11 Bankruptcy Case* [Dkt. No. 29] (the "**Claim Deadline Notice**") setting (i) April 2, 2026, as the

---

[3]  As used herein, "**Plan**" means the *Plan of Reorganization of Pat McGrath Cosmetics LLC Pursuant to Chapter 11 of the Bankruptcy Code* (as amended, supplemented, or otherwise modified from time to time) [Dkt. No. 104]. Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms, as applicable, in the Plan and/or the Disclosure Statement.

deadline for non-governmental creditors to file proofs of claim (the "**General Claim Deadline**") and (ii) July 21, 2026, as the deadline for Governmental Units to file proofs of Claim (the "**Governmental Unit Claim Deadline**").

5.     On February 25, 2026, the Court entered the *Order Granting Debtor's Second Motion for Extension of Time to File Schedules and Statement of Financial Affairs* [Dkt. No. 99], extending the time within which the Debtor must file its *Schedules of Assets and Liabilities* and *Statement of Financial Affairs* (individually, as applicable, the "**Schedules**", the "**Statements**" and/or, collectively, the "**Schedules and Statements**") to March 9, 2026.

6.     For a detailed description of the Debtor, the circumstances leading to the commencement of the Chapter 11 Case and information regarding the Debtor's businesses and capital structure, the Debtor respectfully refers the Court and parties in interest to (a) the *Declaration of Patricia McGrath in Support of the Chapter 11 Petition and First Day Filings* [Dkt. No. 8] (the "**First Day Declaration**") and (b) the Disclosure Statement, each of which is incorporated herein by reference.

### Summary of the Plan and Enfranchisement[4]

7.     The Plan, filed contemporaneously herewith, sets forth the restructuring of Pat McGrath Cosmetics LLC, the Debtor.  Under the Plan, the Debtor proposes as follows:

| Class | Claim/Equity Interest | Summary of Treatment of Claim/Equity Interest |
|---|---|---|
| --- | Administrative Expense Claims | Payment in full or consent to other treatment. |
| --- | Compensation and Reimbursement Claims | Payment in full or consent to other treatment. |
| --- | United States Trustee Fees | Payment in full or consent to other treatment. |
| 1 | Other Secured Claims | Payment in full or consent to other treatment. |

---

[4] Please note that all references to the terms of the Plan and the Disclosure Statement herein are for informational purposes only.  The contents hereof are entirely qualified by, as applicable, the Plan and the Disclosure Statement, and parties in interest should consult the operative documents themselves in reviewing the terms thereof.

| Class | Claim/Equity Interest | Summary of Treatment of Claim/Equity Interest |
|-------|----------------------|-----------------------------------------------|
| 2 | Priority Non-Tax Claims | Payment in full or consent to other treatment. |
| 3 | GDA Prepetition Claims | On the Plan Effective Date or as soon as practicable thereafter, in full and final satisfaction of all DIP Obligations (as defined under the DIP Term Sheet) and the GDA Prepetition Senior Secured Claim, GDA shall receive:<br>• New Preferred Equity in an amount equal to the unpaid principal, interest, fees and expenses of the DIP Obligations and the GDA Prepetition Claims (including, for the avoidance of doubt, prepetition and postpetition interest, fees and expenses accrued thereon);<br>• New Common Equity equal to 65% of all issued New Common Equity on a fully diluted basis (i.e., assuming full issuance of the MIP and the other issuances of New Common Equity contemplated by this Restructuring Term Sheet); and<br>• All Class A Beneficial Interests in the Liquidating Trust. |
| 4 | Keyhaven Claims | Each Holder of an Allowed Keyhaven Claim shall receive, in full and final satisfaction of all such Allowed Keyhaven Claims, its pro rata share of New Preferred Equity in the amount of $500,000.00. |
| 5 | The Merchant Cash Advance Claims | On the Effective Date or as soon as practicable thereafter, each Holder of an Allowed Merchant Cash Advance Claim shall receive Cash in an amount equal to 1% of its Allowed Merchant Cash Claim; *provided, however,* that if the aggregate amount of Allowed Merchant Cash Advance Claims exceed $3,700,000, each Holder of an Allowed Merchant Cash Advance Claim shall have its Distribution reduced Pro Rata such that the total Distribution to Holders of Allowed Merchant Cash Advance Claims shall not exceed $37,000 in the aggregate. |
| 6 | General Unsecured Claims | On the Effective Date, or as soon as practicable thereafter, each Holder of an Allowed General Unsecured Claim (other than a Critical Vendor Claim) shall receive its pro rata share of Class C Beneficial Interests in the Liquidating Trust, which interests shall be junior in payment priority to the rights of any Holder of an Allowed Priority Tax Claim and Allowed Priority Non-Tax Claim to receive distributions from the Liquidating Trust Assets up to the full amount of their allowed claim unless the Holder of such Allowed General Unsecured Claim and the Reorganized Debtor mutually agree to alternative treatment. |
| 7 | Intercompany Claims | At the option of the Reorganized Debtor, Class 7 Intercompany Claims will either be (a) Reinstated, or (b) canceled, released, and extinguished as of the Effective Date, and will be of no further force or effect, and each Holder of a Class 7 Intercompany Claim will not receive any distribution on account of such Class 7 Intercompany Claim. |

| Class | Claim/Equity Interest | Summary of Treatment of Claim/Equity Interest |
|---|---|---|
| 8 | Existing Equity Interests | All Class 8 Existing Equity Interests will be canceled, released, and extinguished as of the Effective Date, and will be of no further force or effect, and each Holder of a Class 8 Existing Equity Interest will not receive any distribution on account of such Class 8 Existing Equity Interest.  Notwithstanding the foregoing, GDA has agreed in its sole and exclusive discretion to provide from its New Common Equity, in the aggregate, a gift of 5% of the New Common Equity to the Holders of Class 8 Existing Equity, which New Common Equity shall be distributed as determined by the Reorganized Debtor in consultation with GDA. |
| 9 | Section 510(b) Claims | Each Allowed Section 510(b) Claim shall be canceled, released, and extinguished as of the Effective Date, and will be of no further force or effect, and each Holder of a Class 9 Claim will not receive any distribution on account of such Class 9 Claim.  The Debtor is not aware of any valid Section 510(b) Claims and believe that no such Section 510(b) Claims exist. |

8.      In accordance with the foregoing description of the treatment of holders of Claims and Interests, the Debtor intends to solicit the votes of only those holders of Claims that are entitled to vote to accept or reject the Plan. The following chart summarizes the Classes of Claims and Interests under the Plan and whether they are entitled to vote:

| Class | Designation | Impairment Status | Entitled to Vote |
|---|---|---|---|
| 1 | Other Secured Claims | Unimpaired | No (Deemed to Accept) |
| 2 | Priority Non-Tax Claims | Unimpaired | No (Deemed to Accept) |
| 3 | GDA Prepetition Claims | Impaired | Yes |
| 4 | Keyhaven Claims | Impaired | Yes |
| 5 | Merchant Cash Advance Claims | Impaired | Yes |
| 6 | General Unsecured Claims | Impaired | Yes |
| 7 | Intercompany Claims | Impaired | No (Deemed to Reject) |
| 8 | Existing Equity Interests | Impaired | No (Deemed to Reject) |
| 9 | Section 510(b) Claims | Impaired | No (Deemed to Reject) |

9.      Based on the foregoing (and as discussed herein), the Debtor proposes to solicit votes to accept or reject the Plan from holders of Claims in Class 3 (GDA Prepetition Claims), Class 4 (Keyhaven Claims), Class 5 (Merchant Cash Advance Claims), and Class 6 (General Unsecured Claims) (each, a "**Voting Class**" and, collectively, the "**Voting Classes**").  The Debtor

proposes **not** to solicit votes from holders of Claims and Interests in Class 1 (Other Secured Claims), Class 2 (Priority Non-Tax Claims), Class 7 (Intercompany Claims), Class 8 (Existing Equity Interests), and Class 9 (Section 510(b) Claims) (each a "**Non-Voting Class**" and, collectively, the "**Non-Voting Classes**").

10.     Claims and Interests in Class 1 (Other Secured Claims) and Class 2 (Priority Non-Tax Claims) are unimpaired (the holders of such Claims and Interests, collectively, the "**Unimpaired Non-Voting Creditors**").[5]

11.     Claims and Interests in Class 7 (Intercompany Claims), Class 8 (Existing Equity Interests), and Class 9 (Section 510(b) Claims) shall neither be entitled to receive nor retain any property under the Plan on account of such Claims or Interests (the holders of such Claims and Interests, collectively, the "**Impaired Non-Voting Creditors / Interest Holders**" and together with the Unimpaired Non-Voting Creditors, collectively, the "**Non-Voting Creditors / Interest Holders**").[6]

### Jurisdiction

12.     This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

13.     Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

14.     The legal predicates for the relief requested herein are (i) sections 105, 363, 502, 1125, 1126 and 1128 of title 11 of the United States Code (as amended, the "**Bankruptcy Code**"), (ii) Rules 2002, 3003, 3016, 3017, 3018, 3020 and 9006 of the Federal Rules of Bankruptcy Procedure (as amended, the "**Bankruptcy Rules**"), and (iii) Local Rules 2002-1, 3016-2, 3017-1,

---

[5] Pursuant to section 1126(f) of the Bankruptcy Code, the Unimpaired Non-Voting Creditors / Interest Holders are conclusively presumed to have accepted the Plan and, thus, are not entitled to vote to accept or reject the Plan.
[6] Pursuant to section 1126(g) of the Bankruptcy Code, Impaired Non-Voting Creditors / Interest Holders are conclusively deemed to have rejected the Plan and, thus, are not entitled to vote to accept or reject the Plan.

3018-1 and 3020-1 of the Local Rules of the United States Bankruptcy Court for the Southern

District of Florida (as amended, each, a "**Local Rule**").

**The Disclosure Statement**

**I.      The Standard for Approval of Disclosure Statements.**

15.      Pursuant to section 1125 of the Bankruptcy Code, the proponent of a proposed

chapter 11 plan must provide "adequate information" regarding that plan to holders of impaired

claims entitled to vote on the plan.  Specifically, section 1125(a)(1) of the Bankruptcy Code defines

"adequate information" as:

> information of a kind, and in sufficient detail, as far as is reasonably
> practicable in light of the nature and history of the debtor and the
> condition of the debtor's books and records, including a discussion
> of the potential material Federal tax consequences of the plan to the
> debtor, any successor to the debtor, and a hypothetical investor
> typical of the holders of claims or interests in the case, that would
> enable such a hypothetical investor of the relevant class to make an
> informed judgment about the plan, but adequate information need
> not include such information about any other possible or proposed
> plan and in determining whether a disclosure statement provides
> adequate information, the court shall consider the complexity of the
> case, the benefit of additional information to creditors and other
> parties in interest, and the cost of providing additional information.

11 U.S.C. § 1125(a)(1).

16.      The primary purpose of a disclosure statement is to provide all material information

that creditors and interest holders affected by a plan need in order to make an informed decision

regarding whether or not to vote for the plan.  11 U.S.C. § 1125(a)(1); *see, e.g., Enron Corp.* v.

*The New Power Co. (In re the New Power Co.)*, 438 F.3d 1113, 1118 (11th Cir. 2006) (quoting 11

U.S.C. § 1125(a)(1)); *Century Glove, Inc.* v. *First Am. Bank of N.Y.*, 860 F.2d 94, 100 (3d Cir.

1988) ("[Section] 1125 seeks to guarantee a minimum amount of information to the creditor asked

for its vote"); *Cadle Co. II, Inc.* v. *PC Liquidation Corp. (In re PC Liquidation Corp.)*, 383 B.R.

856, 865–66 (E.D.N.Y. 2008).  The essential requirement of a disclosure statement is that it clearly

7

and succinctly informs the average creditor what it is going to get, when it is going to get it, and what contingencies exist to receiving its distribution. *In re Commonwealth Group-Mocksville Partners, LP*, No. 12-34319, 2013 WL 1728056, at *3 (Bankr. E.D. Tenn. Apr. 22, 2013) (quoting *In re Ferretti*, 128 B.R. 16, 19 (Bankr. D. N.H. 1991)).

17.     "Adequate information" is a flexible standard, based on the facts and circumstances of each case and is largely within the discretion of the bankruptcy court.  11 U.S.C. § 1125(a)(1) ("'[A]dequate information' means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records."); *see also Oneida Motor Freight, Inc.* v. *United Jersey Bank (In re Oneida Motor Freight, Inc.)*, 848 F.2d 414, 417 (3d Cir. 1988) ("From the legislative history of § 1125 we discern that adequate information will be determined by the facts and circumstances of each case."); *In re Tex. Extrusion Corp.*, 844 F.2d 1142, 1157 (5th Cir. 1988) ("The determination of what is adequate information is subjective and made on a case by case basis" and "is largely within the discretion of the bankruptcy court").  Congress granted bankruptcy courts such wide discretion in determining the adequacy of a disclosure statement to facilitate effective reorganizations of debtors in a broad range of businesses, taking into account the various circumstances that accompany chapter 11 cases.  *See* H.R. Rep. No. 595, 95th Cong., 1st Sess. 408–09 (1977); *see also In re Copy Crafters Quickprint Inc.*, 92 B.R. 973, 979 (Bankr. N.D.N.Y. 1988) (noting that the adequacy of a disclosure statement "is to be determined on a case-specific basis under a flexible standard that can promote the policy of Chapter 11 towards fair settlement through a negotiation process between informed interested parties").  Moreover, the evaluation of whether a disclosure statement required under section 1125(b) contains adequate information "is

not governed by any otherwise applicable nonbankruptcy law, rule, or regulation." 11 U.S.C. § 1125(d).

18.    Moreover, courts should abstain from requiring a plan proponent to overburden a disclosure statement with information significant and meaningful to parties other than the creditors entitled to vote for or against confirmation of the Plan which "may result ultimately in reducing the disclosure statement to an overlong incomprehensible, ineffective collection of words to those whose interests are to be served by disclosure." *In re The Stanley Hotel, Inc.*, 13 B.R. 926, 933–34 (Bankr. D. Colo. 1981).  In its inquiry, the Court is also not required to consider specialized issues that a particular party may wish to raise with respect to a plan, nor does it require that the disclosure statement satisfy the "adequate information" standard in relation to all parties in interest or that a debtor explain why its plan is superior to other, hypothetical plans.  *See* 11 U.S.C. § 1125(a)(1) ("[A]dequate information need not include such information about any other possible or proposed plan…").  In brief, a disclosure statement "is not intended to be the primary focus of litigation in a contested Chapter 11 proceeding."  *In re Waterville Timeshare* Group, 67 B.R. 412, 413 (Bankr. N.H. 1986).

19.    In making a determination as to whether a disclosure statement contains adequate information as required by section 1125 of the Bankruptcy Code, courts have identified a non-exclusive list of categories of disclosure, including: (i) the events which led to the filing of the chapter 11 petition; (ii) a description of the debtor's available assets and their value; (iii) financial information, data, valuations, or projections relevant to the creditors' decision to accept or reject the Chapter 11 plan; (iv) the anticipated future of the debtor; (v) the sources of information stated in the disclosure statement; (vi) the present condition of the debtor while in chapter 11; (vii) claims against the debtor's estate; (viii) the estimated return to creditors under a chapter 7 liquidation; (ix)

the chapter 11 plan or a summary thereof; (x) information relevant to the risks posed to creditors

under the plan; and (xi) tax attributes of the debtor. *See, e.g., Commonwealth Group-Mocksville*

*Partners,* 2013 WL 1728056, at *2 (citations omitted) (citing *In re Phoenix Petroleum*, 278 B.R.

385, 393 (Bankr. E.D. Pa. 2001) (listing categories of information)); *In re Scioto Valley Mortg.*

*Co.*, 88 B.R. 168, 170–71 (Bankr. S.D. Ohio 1988) (same).

## II.     The Disclosure Statement Contains Adequate Information in Accordance with Section 1125 of the Bankruptcy Code.

20.     The Disclosure Statement provides "adequate information" to allow holders of

Claims in the Voting Classes to make informed decisions about whether to vote to accept or reject

the Plan.  The Disclosure Statement makes sense, is fair, and advises parties in interest of what

effect the Plan may have on them as required by this Court.  Indeed, the Debtor has included many

types of the relevant information in the Disclosure Statement to ensure that creditors are adequately

informed.  As demonstrated in the table below and consistent with findings of courts in the cases

cited immediately above, the Disclosure Statement contains those categories of information

necessary for creditors to make an informed decision:

| Information Category | Corresponding Disclosure Statement Provision(s) |
|---|---|
| Events leading to the filing of the Chapter 11 Case | Articles II.B and II.C |
| Events anticipated during the Debtor's Chapter 11 Case | Articles II.A, II.D, and II.E |
| Description of the Debtor's available assets and their value | Exhibit B (Liquidation Analysis) |
| Implementation of the Plan | Article III.D |
| Sources of information stated in the Disclosure Statement | Sources of information are cited throughout the Disclosure Statement |
| Present condition of the Debtor while in chapter 11 | Articles I and II |
| Information regarding potential claims against the Debtor's Estate | Articles II.D and III.A |
| Estimated return to creditors under a chapter 7 liquidation | Exhibit B (Liquidation Analysis) |
| Plan Summary | Article III |
| Financial information relevant to the creditors' decision to accept or reject the Plan | Article II, Exhibit B (Liquidation Analysis) |
| Information relevant to the risks posed to creditors under the Plan | Article IV |
| Tax consequences of the Plan | Article IV.E |
| Requirements for confirming the Plan | Article V |

| Information Category | Corresponding Disclosure **Statement** Provision(s) |
|---|---|
| Recommendation by the Debtor that holders of Claims vote to accept the Plan | Article VII |

21.     Accordingly, the Debtor respectfully submits that the Disclosure Statement provides more than adequate information for creditors whose votes are being solicited to make informed decisions about whether to accept or reject the Plan, as required by section 1125 of the Bankruptcy Code, and the Debtor respectfully requests the Court to conditionally approve the Disclosure Statement and to enter the Disclosure Statement Order, substantially in the form attached hereto as **Exhibit 1**.

### III.    The Court is Authorized to Conditionally Approve the Disclosure Statement.

22.     The authority to conditionally approve a disclosure statement in a case that is neither a prepackaged case nor a small business debtor is supplied by 11 U.S.C. § 105(d)(2)(B)(vi), which provides, in relevant part:

> (d) The court, on its own motion or on the request of a party in interest. . .
>
> (2) unless inconsistent with another provision of this title or with applicable Federal Rules of Bankruptcy Procedure, may issue an order at any such conference prescribing such limitations and conditions as the court deems appropriate to ensure that the case is handled expeditiously and economically, including an order that . . .
>
> (B) in a case under chapter 11 of this title. . .
>
> (vi) provides that the hearing on approval of the disclosure statement may be consolidated with the hearing on confirmation of the plan.

11 U.S.C. § 105(d)(2)(B)(vi).  Conditional approval of the Disclosure Statement, subject to final approval at a consolidated hearing to consider final approval of the Disclosure Statement and confirmation of the Plan, is warranted, necessary and appropriate in this Chapter 11 Case as (i) Debtor's key secured creditor and DIP Lender, GDA, supports confirmation of the proposed

11

Plan, and (ii) the proposed confirmation timeline will minimize the administrative fees and expenses associated with the Plan approval process, inuring directly to the benefit of the Debtor's estate and its creditors.

23.    The Debtor believes that the creditors in the Classes entitled to vote will be able sufficiently to review and assess both the Plan and the Disclosure Statement in the amount of time proposed.  Indeed, the Debtor has reached either deals in principle or in full with key stakeholders including, *inter alia*, GDA, Keyhaven, and Dame McGrath, which deals are incorporated in the terms of the Plan.  All parties in interest will receive no less than 32 days' notice of the Confirmation Hearing and will have the opportunity to be heard and object to the adequacy of the Disclosure Statement prior to its final approval at the Confirmation Hearing.  As such, this Court has the authority to conditionally approve the Disclosure Statement and to consider final approval of the Disclosure Statement in conjunction with confirmation of the Plan.  *See e.g., In re Falcon Air Express, Inc.*, Case No. 06-11877-BKC-AJC (Bankr. S.D. Fla. Feb. 2, 2007 [ECF No. 512]) (order conditionally approving disclosure statement and approving a 26-day period (*i.e.,* February 7, 2007 to March 5, 2007) between solicitation deadline and the hearing to consider final approval of the disclosure statement and confirmation of the plan); *see also In re Banyan Cay Resort & Golf, LLC*, Case No. 23-12386-EPK (Bankr. S.D. Fla. June 16, 2023 [ECF No. 171]) (scheduling a combined hearing to consider final approval of disclosure statement and confirmation of the plan); *In re Vital Pharmaceuticals, Inc*., Case No 22-17842-PDR (Bankr. S.D. Fla. Sept. 18, 2023 [ECF No. 1909]) (order conditionally approving disclosure statement and related solicitation and voting procedures); *In re Stein Mart, Inc.*, Case No. 20-02387-JAF (Bankr. M.D. Fla. Jan. 19, 2021 [ECF No. 853]) (same).

24.    Accordingly, the Debtor respectfully requests that this Court conditionally approve

the Disclosure Statement as providing "adequate information" consistent with section 1125 of the Bankruptcy Code, subject to final approval in conjunction with confirmation of the Plan, with all parties' rights to raise further objections to the adequacy of the Disclosure Statement at the Confirmation Hearing preserved and enter the Disclosure Statement Order, substantially in the form attached hereto as **Exhibit 1**.

### IV.    The Disclosure Statement Provides Sufficient Notice of Injunction, Release, and Exculpation Provisions in the Plan.

25.    Pursuant to Bankruptcy Rule 3016(c), "[i]f a plan provides for an injunction against conduct not otherwise enjoined under the [Bankruptcy] Code, the plan and disclosure statement shall describe in specific and conspicuous language (bold, italic, or underlined text) all acts to be enjoined and identify the entities that would be subject to the injunction." FED. R. BANKR. P. 3016(c).  Similarly, Bankruptcy Rule 2002(c) requires that such disclosure be provided for the notice of the time fixed for filing objections and the hearing to consider confirmation of the chapter 11 plan.

26.    The Plan includes injunctions, releases, and exculpations highlighted in bold in Article VIII ("Settlement, Releases, Injunction, and Related Provisions") making such provisions conspicuous to anyone who reads them.  Article VIII.B ("Releases by the Debtor"), Article VIII.C ("Releases by Holders of Claims and Interests"), Article VIII.D ("Injunction"), and Article VIII.E ("Exculpation") of the Plan (together with the relevant definitions sections) describe in detail the entities subject to or providing a release under the Plan, and the Claims and Causes of Action so released, as well as the entities entitled to exculpation under the Plan.  Each of the foregoing sections is set forth, conspicuously, in bold typeface.  Finally, the Ballots and the Confirmation Hearing Notice describe in detail and in conspicuous, bold typeface the entities that are subject to or providing a release under the Plan and the Claims and Causes of Action that are released under

the Plan. Accordingly, the Debtor respectfully submits that the Disclosure Statement complies with Bankruptcy Rule 3016(c) by conspicuously describing the conduct and parties enjoined, released, or exculpated by the Plan, and the Confirmation Hearing Notice complies with Bankruptcy Rule 2002(c) by conspicuously describing the nature and entities subject to the Plan's release provisions.

### **Confirmation Schedule**

27. The Debtor requests the Court approve the following Confirmation Schedule with respect to final approval of the Disclosure Statement and confirmation of the Plan:[7]

| Action/Deadline | Date | Description |
|---|---|---|
| Disclosure Statement Hearing | **March 5, 2026 at 4:00 p.m. (ET)** | Date of the hearing to consider conditional approval of the Disclosure Statement and the relief requested in this Motion. |
| Voting Record Date | **March 9, 2026** | Date for determining (i) which holders of Claims in the Voting Classes are entitled to vote to accept or reject the Plan and (ii) whether Claims have been properly assigned or transferred to an assignee under Bankruptcy Rule 3001(e) such that the assignee or transferee, as applicable, can vote to accept or reject the Plan as the holder of a Claim (the "Voting Record Date"). |
| Entry of the Disclosure Statement Order by the Court | **March 9, 2026**<br>(*Requested by the Debtor to be not later than this date*) | Date requested by the Debtor for the Court, should the Court approve the Disclosure Statement and the relief requested in this Motion, to enter the Disclosure Statement Order. |
| Confirmation Hearing Notice Deadline | **Within three (3) business days after the Court enters an order conditionally approving the Disclosure Statement and the relief requested in this Motion.** | Deadline for the Debtor to distribute the Confirmation Hearing Notice to all parties listed on the Debtor's noticing matrix (the "Confirmation Hearing Notice Deadline"). |
| Solicitation Deadline | **March 12, 2026** | Deadline for the Debtor to distribute, as applicable, the (i) Solicitation Packages, including the Ballots, to the holders of Claims entitled to vote to accept or reject the Plan, and (ii) the Disclosure Statement Order (the "Solicitation Deadline"). |

---

[7] Pursuant to Bankruptcy Rule 9006(c), the Debtor requests the Court to approve the requested time periods described herein.

| Action/Deadline | Date | Description |
|---|---|---|
| Final Fee Application Deadline | **March 27, 2026** | Deadline for professionals of the Debtor retained by Court order in the Chapter 11 Case to file/serve their final fee applications (each, a "<u>Final Fee Application</u>," and the date, the "<u>Final Fee Application Deadline</u>"). |
| Rule 3018(a) Motion Deadline | **March 30, 2026 at 4:00 p.m. (ET)** | Deadline by which a creditor or a party-in-interest seeking to challenge the allowance of its alleged Claim for voting purposes on the Plan must file with the Court and properly serve a motion for an order pursuant to Bankruptcy Rule 3018(a) seeking temporary allowance of such Claim for voting purposes in a different amount (each, a "<u>Rule 3018(a) Motion</u>," and such date, the "<u>Rule 3018(a) Motion Deadline</u>"). |
| Plan Supplement Deadline | **March 30, 2026** | Date by which the Debtor is to file the Plan Supplement(s) (the "<u>Plan Supplement Deadline</u>"). |
| Voting Deadline | **April 7, 2026 at 4:00 p.m. (ET)** | Deadline by which holders of Claims may vote to accept or reject the Plan, and by which all Ballots must be properly executed, completed, and received, as specified in the instructions on the Ballots and in compliance with the Solicitation and Voting Procedures (the "<u>Voting Deadline</u>"). |
| Plan Objection Deadline | **April 7, 2026 at 4:00 p.m. (ET)** | Date by which objections must be filed to (i) final approval of the Disclosure Statement and/or (ii) confirmation of the Plan (collectively, the "<u>Plan Objection Deadline</u>"). |
| Deadline to File Papers in Support of Confirmation of the Plan | **April 9, 2026** | Date by which the Debtor and other parties-in-interest are to file, among potential papers, the following in support of final approval of the Disclosure Statement and confirmation of the Plan:<br>• Proponent's Report and Confirmation Affidavit<br>• Memorandum of law, and any affidavit(s)/declaration(s)<br>• Exhibit Register |
| Reply Deadline | **April 9, 2026** | Date by which the Debtor and other parties-in-interest may file a reply (each, a "<u>Reply</u>" and collectively, the "<u>Replies</u>") and any affidavit(s)/declaration(s) to any objections to final approval of the Disclosure Statement and/or confirmation of the Plan (the "<u>Reply Deadline</u>"). |
| Confirmation Hearing | **April 13, 2026, at a time** | Date of the hearing at which the Court will |

| Action/Deadline | Date | Description |
|---|---|---|
|  | consistent with the Court's schedule and availability | consider, among other things, the final approval of the Disclosure Statement, the confirmation of the Plan, and the Final Fee Applications. |

### Solicitation and Voting Procedures

28.     In connection with the Disclosure Statement and the Plan, the Debtor respectfully requests the Court to approve the Solicitation and Voting Procedures described herein.

**I.      The Standard for Approval of Solicitation and Voting Procedures.**

29.     Section 1126(c) of the Bankruptcy Code provides:

> A class of claims has accepted a plan if such plan has been accepted by creditors, other than any entity designated under subsection (e) of this section, that hold at least two-thirds in amount and more than one-half in number of the allowed claims of such class held by creditors, other than any entity designated under subsection (e) of this section, that have accepted or rejected such plan.

11 U.S.C. § 1126(c).

30.     Additionally, Bankruptcy Rule 3018(c) provides, in part, that "[a]n acceptance or rejection [of a plan] shall be in writing, identify the plan or plans accepted or rejected, be signed by the creditor or equity security holder or an authorized agent and conform to the appropriate Official Form."  Consistent with these requirements, the Debtor proposes to use the Solicitation and Voting Procedures, which procedures include specific voting and tabulation requirements and processes.

**II.     The Court Should Approve the Solicitation and Voting Procedures, Including the Voting & Tabulation Procedures, the Solicitation Materials, the Timeline for Soliciting Votes on the Plan and the Procedures With Respect to Rule 3018(a) Motions.**

**A.      The Court Should Approve the Voting Record Date.**

31.     Bankruptcy Rule 3017(d) provides, in relevant part, that, for the purposes of soliciting votes in connection with the confirmation of a plan of reorganization, "creditors and

16

equity security holders shall include holders of stock, bonds, debentures, notes, and other securities of record on the date the order approving the disclosure statement is entered or another date fixed by the court, for cause, after notice and a hearing." Bankruptcy Rule 3017(d). Bankruptcy Rule 3018(a) contains a similar provision regarding determination of the record date for voting purposes.

32.    The Debtor requests that the Court exercise its authority under Bankruptcy Rules 3017(d) and 3018(a) to establish **March 9, 2026** as the Voting Record Date (*i.e.*, the date for determining which creditors are entitled to vote on the Plan), with the exception that in the event any party files a proof of claim asserting a claim in one of the Voting Classes after such Voting Record Date but before the General Claims Bar Date, the Debtor shall expeditiously provide such party with a Solicitation Package. With respect to transfers of Claims filed pursuant to Bankruptcy Rule 3001(e), the transferee shall be entitled to receive a Solicitation Package and, if the holder of such Claim is entitled to vote with respect to the Plan, cast a Ballot on account of such Claim ***only if***: (a) all actions necessary to transfer such Claim are completed by the Voting Record Date; or (b) the transferee files by the Voting Record Date (i) all documentation required by Bankruptcy Rule 3001(e) to evidence the transfer and (ii) a sworn statement of the transferor supporting the validity of the transfer. In the event a Claim is transferred after the Voting Record Date, the transferee of such Claim shall be bound by any vote on the Plan made by the holder of such Claim as of the Voting Record Date.

33.    The Debtor believes that the Voting Record Date, subject to the exception above, is appropriate, as it facilitates the determination of which creditors are entitled to vote on the Plan. The foregoing timing and materials will afford the holders of Claims in the Classes entitled to vote on the Plan more than sufficient time to review and analyze such materials and subsequently make

an informed decision as to whether to vote to accept or reject the Plan before the Voting Deadline. Accordingly, the Voting Record Date, subject to the exception set forth herein, should be approved.

> **B.      The Court Should Approve the Forms of the Ballots.**

34.      Bankruptcy Rule 3017(d) requires the Debtor to mail a form of ballot, which substantially conforms to Official Bankruptcy Form No. B 314, to "creditors and equity security holders entitled to vote on the plan." Fed. R. Bankr. P. 3017(d).  In accordance with Bankruptcy Rule 3018(c), the Debtor has prepared and customized the Ballots, and all votes to accept or reject the Plan must be cast by using an appropriate Ballot. Although based on Official Form B 314, the Ballots have been modified to (a) address the particular circumstances of the Chapter 11 Case and (b) include certain additional information that is relevant and appropriate for holders of Claims in the Voting Classes to consider in voting to accept or reject the Plan.  The Debtor proposes to distribute to holders of Claims in the Voting Classes Ballots substantially in the forms attached to the Disclosure Statement Order as **Exhibit 1-B**, which is incorporated herein by reference.  The forms of the Ballots comply with Bankruptcy Rule 3018(c) and should be approved.

> **C.      The Court Should Approve the Confirmation Hearing Notice.**

35.      The Debtor will serve the Confirmation Hearing Notice, substantially in the form attached to the Disclosure Statement Order as **Exhibit 1-A**, on all known holders of Claims or Interests regardless of whether such parties are entitled to vote on the Plan, and the entire notice matrix, by no later than the Confirmation Hearing Notice Deadline of (at the latest) March 12, 2026, which will provide parties in interest with not less than 26 days' notice of the Plan Objection Deadline and not less than 32 days' notice of the Confirmation Hearing.  The Confirmation Hearing Notice will include the following: (a) instructions as to how to view or obtain copies of the Disclosure Statement (including the Plan and the other exhibits thereto), the Disclosure

Statement Order, and all other materials in the Solicitation Package (excluding Ballots); (b) notice

of the Voting Deadline; (c) notice of the Plan Objection Deadline; (d) notice of the Confirmation

Hearing Date and information related thereto; (e) as described above, notice of the Plan's release

provisions and the effects thereof; and (f) the time, date, and place for the Confirmation Hearing.

The Debtor submits that the foregoing notice procedures comply with all notice requirements

under Bankruptcy Rules 3017(d) and 2002(b) and (d). Accordingly, the Debtor requests that the

Court find that such proposed notice procedures are due and proper and no further notice is

necessary.

       **E.**       **The Court Should Approve the Form and Distribution of the Solicitation Packages to Parties Entitled to Vote on the Plan.**

      36.     Bankruptcy Rule 3017(d) specifies the materials to be distributed to holders of

allowed claims upon approval of a disclosure statement, including the court-approved plan and

disclosure statement and notice of the time within which acceptances and rejections of the plan

may be submitted.

      37.     In accordance with this requirement, the Debtor proposes to send the Solicitation

Packages to provide holders of Claims in the Voting Classes with the information they need to be

able to make informed decisions with respect to how to vote on the Plan.  Specifically, on or before

the Solicitation Deadline of March 12, 2026, the Debtor will cause the Solicitation Packages to be

distributed by first-class U.S. mail to those holders of Claims in the Voting Classes.  Each

Solicitation Package will include the following materials:

        (b)     the (conditionally) Court-approved Disclosure Statement and the exhibits and any schedules attached thereto, including the Plan;

        (c)     a copy of the Disclosure Statement Order entered by the Bankruptcy Court (without exhibits), which conditionally approved the Disclosure Statement, established the Solicitation Procedures, scheduled a Confirmation Hearing, and set the Voting Deadline and the deadline for objecting to Confirmation of the Plan;

(f)     an appropriate form of Ballot, together with detailed voting instructions with respect thereto; and

(g)     such other materials as the Court may direct.

38.     For purposes of serving the solicitation materials, the Debtor seeks authorization to rely on the address information (for voting and non-voting parties alike) maintained by the Debtor. To that end, the Debtor seeks the waiver of any obligation for the Debtor to conduct any additional research for updated addresses based on undeliverable solicitation materials (including undeliverable Ballots) and will not be required to resend Solicitation Packages or other materials, including the Confirmation Hearing Notice, that are returned as undeliverable unless the Debtor is provided with accurate addresses for such parties prior to the Voting Record Date.

39.     Notwithstanding anything herein to the contrary, the Debtor requests it not be required to mail a Solicitation Package or any other materials related to voting or confirmation of the Plan to any person or entity from which the notice of this Motion or other mailed notice in this Chapter 11 Case was returned as undeliverable by the postal service, unless the Debtor is provided with accurate addresses for such persons or entities before the Voting Record Date.

40.     Additionally, the Debtor anticipates that the United States Postal Service may return some Solicitation Packages as undeliverable. The Debtor submits that it is costly and wasteful to mail Solicitation Packages to the same addresses from which mail previously was returned as undeliverable.  Therefore, the Debtor requests the Bankruptcy Court excuse the Debtor from re-mailing Solicitation Packages to addresses from which the Debtor received mailings returned as undeliverable, unless the Debtor is provided with a new mailing address sufficiently before the Voting Deadline.

**F.      The Court Should Approve the Voting Deadline.**

41.      Bankruptcy Rule 3017(c) provides that, "[o]n or before approval of the disclosure statement, the court shall fix a time within which the holders of claims and interests may accept or reject the plan . . . ." Fed. R. Bankr. P. 3017(c).  As stated above, cause to reduce such time period is warranted, necessary, and appropriate in this Chapter 11 Case as (i) the Debtor's key creditor constituencies support confirmation of the proposed Plan, and (ii) the proposed confirmation timeline will minimize the administrative fees and expenses associated with the Plan approval process.  Assuming the Court enters the Disclosure Statement Order not later than March 9, 2026, the Debtor will complete the mailing of the Solicitation Packages by the Solicitation Deadline (*i.e.*, expected to be by not later than March 12, 2026).  Based on such schedule, the Debtor proposes that, to be counted as a vote to accept or reject the Plan, each Ballot must be ***actually received*** no later than a Voting Deadline (26 days later) of **April 7, 2026 at 4:00 p.m. (ET)**.

**G.      The Court Should Approve the Voting & Tabulation Procedures.**

To facilitate the process of tabulating Ballots received, the Debtor proposes that a Ballot be counted in determining the acceptance or rejection of the Plan only if it satisfies certain criteria. The Debtor's procedures and standard assumptions for tabulating Ballots (the "Voting & Tabulation Procedures") include:

| | |
|---|---|
| **Votes Not Counted** | The following Ballots will not be counted in determining the acceptance or rejection of the Plan: (a) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder; (b) any Ballot cast by a person or entity that does not hold a Claim or Interest that is entitled to vote on the Plan; (c) any unsigned Ballot; (d) any Ballot not marked to accept or reject the Plan, or marked both to accept and reject the Plan; (e) any Ballot received after the Voting Deadline, unless otherwise determined by the Debtor; and (f) any Ballot submitted by a party not entitled to cast a vote with respect to the Plan (including Ballots submitted by Holders of Claims or Interests in the Provisional Voting Classes, which Ballots, if submitted, will be tabulated and |

| | reported but not count toward confirmation of the Plan unless the Court orders otherwise). |
|---|---|
| **No Vote Splitting** | Each Holder of a Claim or Interest must vote all of its Claims or Interests within a particular class either to accept or reject the Plan and may not split such votes. |

42.     If any creditor seeks to challenge the allowance of its Claim for voting purposes, the creditor must file with the Court a Rule 3018(a) Motion seeking an order of the Court pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for voting purposes in a different amount. The Debtor requests that the Court fix **March 30, 2026 at 4:00 p.m. (ET)** as the Rule 3018(a) Motion Deadline for the filing and serving of Rule 3018(a) Motions.

43.     The Debtor proposes that the Court consider only those Rule 3018(a) Motions that have been timely filed and served by the Rule 3018(a) Motion Deadline.  The Debtor further proposes that, upon entry of an order of the Court granting a Rule 3018(a) Motion, such creditor's Ballot be counted in accordance with these Voting & Tabulation Procedures.

44.     The Debtor believes that the proposed Voting & Tabulation Procedures described in this section will facilitate the Plan's confirmation process.  Specifically, the procedures will set forth which holders of Claims are entitled to vote and their Claim amounts for voting purposes, clarify any obligations of holders of Claims entitled to vote to accept or reject the Plan, and create a straightforward process by which the Debtor can determine whether the requirements of section 1126(c) of the Bankruptcy Code have been satisfied.  The Voting & Tabulation Procedures comply with Bankruptcy Rule 3018(c) and should be approved.

## III.    The Court Should Set the Confirmation Hearing Date and Approve the Procedures for Filing Objections to the Plan.

45.     Section 1128 of the Bankruptcy Code provides that a court shall hold a hearing on confirmation of a plan and provides that parties in interest can object to confirmation.  In addition, Bankruptcy Rule 2002(b) creates a default 28-day period with respect to the time fixed for filing

objections and for the hearing to consider confirmation of a chapter 11 plan. Here, the Confirmation Hearing Notice Deadline is at least 26 days and up to 35 days prior to the Plan Objection Deadline.

### 1.    Scheduling the Confirmation Hearing.

46.    The Debtor requests the Court to schedule the Confirmation Hearing with respect to the Plan on **April 13, 2026 at 9:00 a.m. (ET)**, or on such later date and time as is convenient to the Court.[8] The Debtor also requests that the Confirmation Hearing may be adjourned or continued from time to time without further notice other than adjournments announced in open Court or as indicated in any notice of agenda of matters scheduled for hearing filed with the Court. The Debtor further requests that the Court find that the proposed date for the Confirmation Hearing is in compliance with the Bankruptcy Rules and the Local Rules, and will enable the Debtor to pursue final approval of the Disclosure Statement and confirmation of the Plan in a timely fashion.

### 2.    The Court Should Approve the Deadline and Procedures for Filing Objections to the Plan.

47.    Pursuant to Bankruptcy Rule 3020(b)(1), objections to confirmation of a plan must be filed and served "within a time fixed by the court." In addition, Local Rule 3017-1(A) sets a deadline of 7 days prior to the date of the scheduled disclosure statement hearing file objections to a disclosures statement and Local Rule 3016-2(B) (and the Local Form referenced therein) sets a deadline of 14 days prior to the date of the scheduled confirmation hearing to file objections to confirmation of a plan. As indicated above, Bankruptcy Rule 2002(b) generally sets a 28-days period for notice of the deadline for filing objections to confirmation. Here, both the Local Rule Rules and Bankruptcy Rules should be deemed satisfied by the dates proposed for the

---

[8]  If the Court schedules the Confirmation Hearing on a date later than the proposed date, the Debtor requests authorization to adjust accordingly the other deadlines proposed in this Motion.

Confirmation Hearing Notice Deadline, the Plan Objection Deadline, and the Confirmation Hearing, as such dates provide as much or more time to parties in interest.

48.    The proposed Plan Objection Deadline is closer to the proposed Confirmation Hearing than the 14 days provided by Local Rule 3020-1, but as the proposed Plan Objection Deadline, vis-à-vis the date of the Confirmation Hearing, provides parties in interest with *more* time to object (as opposed to less), the Debtor respectfully submits that no party in interest shall be prejudiced by the Plan Objection Deadline.  Moreover, Bankruptcy Rule 9006(c) provides that the Court may reduce time "for cause with or without a hearing."  Fed. R. Bankr. P. 9006(c)(1).

49.    The Debtor requests that the Court establish the Plan Objection Deadline for parties in interest to object or respond to final approval of the Disclosure Statement and/or confirmation of the Plan as **April 7, 2026 at 4:00 p.m. (ET)**, which will provide all parties in interest with at between **26 and 29 days' notice** of the Plan Objection Deadline and between **32 and 35 days prior** to the Confirmation Hearing.  Here, because the timing of the Confirmation Hearing Notice and Plan Objection Deadline either comply with Bankruptcy Rule 2002(b) or require, at most, a two-day reduction of time, under the circumstances and in light of the good cause set forth herein, each of the Confirmation Hearing Notice Deadline and Plan Objection Deadline are fair, reasonable, and adequate under the circumstances

50.    The Debtor also requests that the Court direct the manner in which parties in interest may object to final approval of the Disclosure Statement and/or confirmation of the Plan.  Pursuant to Bankruptcy Rule 3020(b)(1), objections to confirmation of a plan must be filed and served "within a time fixed by the court."  The Debtor requests that objections and responses, if any, to final approval of the Disclosure Statement and/or confirmation of the Plan (a) be in writing, (b) conform to the Bankruptcy Rules and the Local Rules, (c) set forth the name of the objecting

party and the nature and amount of Claims or Interests held or asserted by the objecting party against the Debtor's estate or property, (d) provide the basis for the objection and the specific grounds thereof, and provide proposed language that, if accepted and incorporated by the Debtor, would obviate such objection, and (e) be filed, together with proof of service, on or before the Plan Objection Deadline.

51.    The Debtor similarly requests that it (and other parties in support of the Plan) be permitted to file one or more Replies, along with any related affidavits or declarations, to any such objections to final approval of the Disclosure Statement and/or confirmation of the Plan by the Reply Deadline of **April 9, 2026**.  The proposed Reply Deadline is two business days (and four calendar days) prior to the proposed date of **April 13, 2026** for the Confirmation Hearing.

52.    The Debtor respectfully requests that the Court approve these proposed procedures for filing objections to the Plan and replies thereto and find that such procedures comply with Bankruptcy Rules 2002, 3017, and 3020 and relevant Local Rules.

**K.    The Court Should Approve a Bar Date for Filing Applications for Administrative Expense Claims.**

53.    In order to determine the entire universe of potential chapter 11 administrative expense claims that could be asserted against the Debtor and its bankruptcy estate, the Debtor requests that the Court establish a bar date for the filing of motions/applications by creditors or parties-in-interest seeking the allowance and/or payment of such administrative expense claims. Upon the filing of such motions/applications, the Debtor and other parties in interest will be able to evaluate all such administrative claims, and the Debtor will be able to agree to such claims, settle such claims, or contest such claims in this Court.  The Debtor and other parties in interest will then be in a position to proceed with confirmation of the Plan.

54.     As such, the Debtor requests that the Court set April 6, 2026, the date that is 7 days before the Confirmation Hearing, as the last date for creditors or parties-in-interest to file motions/applications for the allowance and/or payment of chapter 11 administrative expense claims under section 503(b) of the Bankruptcy Code and entitled to priority under section 507(a) of the Bankruptcy Code, with the exception of professionals employed pursuant to Section 327 of the Bankruptcy Code and United States Trustee fees (the "**Administrative Claims Bar Date**").

55.     Pursuant to section 105 of the Bankruptcy Code, the Court has the power to enter any order that is necessary and appropriate to carry out the provisions of the Bankruptcy Code, and setting the Administrative Claims Bar Date will allow for the orderly and expeditious confirmation of the Plan.  Additionally, the Debtor respectfully request that the Court order that all motions/applications by creditors or parties-in-interest seeking the allowance and/or payment of administrative expense claims include an estimate from the date of such motion/application through the date of the Effective Date of the Plan for any such administrative expense claims.

### K.     The Court Should Approve the Ability of the Debtor to Make Non-Substantive Modifications.

56.     The Debtor requests authorization to make non-substantive changes to the Disclosure Statement, Plan, Confirmation Hearing Notice, Solicitation Packages, Ballots, Solicitation and Voting Procedures, Voting & Tabulation Procedures, and related documents without further order of the Court, including changes to correct typographical and grammatical errors, if any, and to make conforming changes to the Disclosure Statement, the Plan, and any other materials in the Solicitation Packages before distribution.

57.     Accordingly, the Debtor respectfully submits that the proposed Solicitation and Voting Procedures comply with all relevant requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules and will aid in an orderly and efficient process with respect to

confirmation of the Plan. The Debtor respectfully submits that the Court should approve the Solicitation and Voting Procedures and enter the Disclosure Statement Order, substantially in the form attached hereto as **Exhibit 1**.

**WHEREFORE**, the Debtor respectfully requests the Court to enter the Disclosure Statement Order, substantially in the form attached hereto as **Exhibit 1**, approving the Disclosure Statement and related relief, including but not limited to, approving: (a) the Disclosure Statement on a conditional basis as containing adequate information as required by section 1125 of the Bankruptcy Code; (b) the Confirmation Schedule, including reductions of certain time periods; (c) the Solicitation and Voting Procedures, including (1) the Voting Record Date, (2) the Ballots, (3) the Confirmation Hearing Notice, (4) the Solicitation Packages, (5) the Voting Deadline, (6) the Voting & Tabulation Procedures, and (7) setting the date and time of the Confirmation Hearing and related objection and reply deadlines; and (d) the granting of related relief.

Dated: March 2, 2026

Respectfully submitted,

**PACK LAW**
51 Northeast 24th Street, Suite 108
Miami, Florida 33137
Telephone: (305) 916-4500

By:  _/s/ Jessey J. Krehl_
    Joseph A. Pack
    Email:  joe@packlaw.com
    Florida Bar No. 117882
    Robert G. Burns (*Admitted Pro Hac Vice*)
    Email: robert@packlaw.com
    Jessey J. Krehl
    Email:  jessey@packlaw.com
    Florida Bar No. 1025848

*Counsel to the Debtor and Debtor-in-Possession*