UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

PAT MCGRATH COSMETICS LLC,[1]

Debtor.

Chapter 11

Case No. 26-10772-LMI

**DEBTOR'S *EXPEDITED***
**MOTION TO MODIFY PLAN OF REORGANIZATION**

**(Request for Expedited Consideration)**

**(The Debtor respectfully requests an expedited hearing on this Motion on**
**April 13, 2026 at 9:00 a.m. (ET) when other proceedings are scheduled in this case.)**

The above-captioned debtor and debtor-in-possession (the "**Debtor**"), by and through its undersigned counsel, files this motion (the "**Motion**"), and in support hereof respectfully states as follows:

**Background**

1.      On January 22, 2026 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing the Chapter 11 Case before the Bankruptcy Court.

2.      On March 2, 2026, the Debtor submitted that certain *Expedited Motion for Entry of an Order (I) Conditionally Approving Debtor's Disclosure Statement, (II) Approving the Solicitation and Voting Procedures with Respect to Confirmation of the Proposed Chapter 11 Plan, and (III) Granting Related Relief* [Docket No. 106] (the "**Scheduling Motion**").  On March

---

[1] The last four digits of Pat McGrath Cosmetics LLC's tax identification number are 3615 and its mailing address is 29 East 19th Street, 8th Floor, New York, NY 10003.

11, 2026, after a March 5, 2026 hearing, the Court entered an order [Docket No. 132] (the "**Scheduling Order**"), granting the Scheduling Motion and scheduling a combined hearing (the "**Combined Hearing**") to consider final approval of the Disclosure Statement and confirmation of the Plan.[2]

3.      The Debtor, consistent with the Scheduling Order, solicited votes to accept or reject the Plan and provided parties in interest with notice of the Combined Hearing and the deadline to object to final approval of the Disclosure Statement and confirmation of the Plan as April 7, 2026 at 4:00 p.m. (ET) (the "**Objection Deadline**").  The Debtor has negotiated in good faith with parties in interest to minimize objections and agreed to extend the objection deadline of the Office of the United States Trustee to April 9, 2026.  *See* Docket Nos. 135, 141, 169, 184.

4.      This Motion represents certain resolutions as a result of the Debtor's good faith negotiations with parties in interest, and is being submitted, *inter alia*, to modify certain provisions of the Plan in order to resolve informal objections and address certain cleanup and errors in the Plan.

## Relief Requested

5.      By this Motion, the Debtor respectfully requests the Court approve certain modifications to the Plan (collectively, the "**Modifications**" and each a "**Modification**"), as set forth herein, and determine that (i) the Modifications comply with section 1127 of the Bankruptcy Code, (ii) the Modifications do not adversely affect the treatment of the Holders of any Claim or

---

[2] As used herein, "**Disclosure Statement**" means the *First Amended Disclosure Statement for Plan of Reorganization of Pat McGrath Cosmetics LLC Pursuant to Chapter 11 of the Bankruptcy Code* (as amended, supplemented, or otherwise modified from time to time) [Dkt. No. 126].  As used herein, "**Plan**" means the *First Amended Plan of Reorganization of Pat McGrath Cosmetics LLC Pursuant to Chapter 11 of the Bankruptcy Code* (as amended, supplemented, or otherwise modified from time to time) [Dkt. No. 128].  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms, as applicable, in the Plan and/or the Disclosure Statement.

Interest under the Plan, (iii) the Debtor is not required to re-solicit ballots on the Plan, as modified, and (iv) the prior acceptances of the Plan by Holders of Claims and Interests may be applied to, and used in connection with, confirmation of the Plan as modified by the Modifications.

## The Modifications

6.      The Table of Contents on page iv shall be edited to strike the section referencing "Offer of Judgment" in Article VII and the subsequent references shall be appropriately re-lettered.

7.      Article V.B of the Plan entitled "Indemnification" shall be amended to add "From and after the Effective Date" immediately prior to "The New Organizational Documents and the New Equity Documents will provide for the indemnification . . . ."

8.      Section III.B.8.c shall be stricken in its entirety and amended to read as follows:

> *Voting*: Class 8 is Impaired.  Each Holder of a Class 8 Existing Equity Interest is deemed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code and, therefore, is not entitled to vote to accept or reject the Plan.

9.      Article VII.B of the Plan, entitled "Claims Administration Responsibilities" shall be amended as follows:

   a. The words "and the Liquidating Trust" shall be  inserted between the words "the Reorganized Debtor" and "shall have the sole authority."

   b. The following sentence shall be added after the last sentence of Article VII.B: "The deadline for the Reorganized Debtor and/or the Liquidating Trust to take any of the actions set forth in this Article VII.B shall be the date that is 1 year after the Effective Date (the "**Claims Objection Deadline**"), as set forth in the Confirmation Order, or such later date approved by order of the Bankruptcy Court upon a motion filed by the Reorganized Debtor or the Liquidating Trust prior to the expiration of such deadline."

10.     Article V.A of the Plan entitled "Assumption of Executory Contracts and Unexpired Leases" shall be retitled "Rejection of Executory Contracts and Unexpired Leases".  It shall further be edited at the end of the first paragraph to insert the following sentence: "Any and

3

all counterparties to a rejected Executory Contract or Unexpired Lease shall have until the date that is 30 days after the Effective Date to assert and file a Proof of Claim for damages arising from such rejection; any such counterparty that fails to timely file a Proof of Claim shall be barred from pursuing such claim."

11.     Article II.A of the Plan, entitled "Administrative Expense Claims" shall be amended to insert at the end of the section the following sentence: "The Debtor or the Reorganized Debtor, as applicable, shall have until the date that is 90 days after the Effective Date to object to any Administrative Expense Claim asserted on or before the deadline to assert such Administrative Expense Claims."

12.     The beginning of Article V.C of the Plan, entitled "Cure of Defaults and Objections to Cure and Assumption" shall be amended as follows, with **insertions in blue and bold** and ~~deletions in strikethrough and red~~:

> The Debtor or the Reorganized Debtor, as applicable, shall pay Cures, if any, on the Effective Date or as soon as reasonably practicable thereafter. Unless otherwise agreed upon in writing by the parties to the applicable Executory Contract or Unexpired Lease, all requests for payment of Cure that differ from the amounts paid or proposed to be paid by the Debtor or the Reorganized Debtor to a counterparty must be filed and served on the Reorganized Debtor on or before 30 days after the Effective Date. If ~~such~~ **a** Cure dispute **arises and** is not resolved within 7 days of the Reorganized Debtor's receipt of such **request for payment** ~~Cure dispute~~, the counterparty to the applicable assumed Executory Contract or Unexpired Lease shall timely file an objection with the Bankruptcy Court within ~~7~~ **14** days **of the initial service of such request for payment on the Reorganized Debtor**. . . . .

13.     The definition of "Plan Supplement" in Article I.A.73 shall be amended as follows, with **insertions in blue and bold** and ~~deletions in strikethrough and red~~:

> "*Plan Supplement*" means the Plan Transaction Documents and any other documents to be filed, if at all, in a supplement to the Plan in advance of the ~~Confirmation Hearing~~ **Effective Date** ~~no later than~~

**or** such **later** date as may be approved by the Bankruptcy Court on notice to parties in interest that includes the necessary documentation to effectuate the Plan. All Plan Supplement documents shall be subject to the approval of GDA.

### Basis for Relief

14.     Section 1127(a) of the Bankruptcy Code allows a plan proponent to modify a plan "at any time before confirmation," but further provides that such proponent "may not modify such plan so that such plan as modified fails to meet the requirements of sections 1122 and 1123 of [the Bankruptcy Code]." Section 1127(c) provides that "[t]he proponent of the modification shall comply with the disclosure requirements of section 1125 of [the Bankruptcy Code] with respect to the plan as modified." Generally, courts do not require notice of a modification if the modification does not adversely change a claimant's treatment. *In re Dow Corning Corporation*, 237 B.R. 374, 379 (Bankr. E.D. Mich. 1999).

15.     Further, Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 3019 provides, in relevant part:

> [A]fter a plan has been accepted and before confirmation, the plan proponent may file a modification. The modification is considered accepted by any creditor or equity security holder who has accepted it in writing. For others who have not accepted it in writing but have accepted the plan, the modification is considered accepted if, after notice and a hearing, the court finds that it does not adversely change the treatment of their claims or interests.

16.     Reasonably, courts have determined that where a modification does not materially impact a claimant's treatment, the change is not adverse and the court may deem that prior acceptances apply to the amended plan as well. *In re American Solar King Corp.*, 90 B.R. 808, 826 (Bankr. W.D. Tex. 1988). While the prior version of Bankruptcy Rule 3019 required that the modification not affect the claim of *any* creditor or the interest of *any* equity security holder who has not accepted the modification in writing, *see In re America-CV Station Group, Inc. et al.*, 56

5

F.4th 1302, 1311 (11th Cir. 2023), the 2024 amendments seem to indicate that the court must only determine the modification does not adversely affect the holder of a claim or interest "who have not accepted [the modification] in writing *but have accepted the plan*."

17.     This distinction, should one exist at all, is immaterial to the instant Motion because the Modifications proposed herein do not adversely impact any Holder of a Claim or Interest under the Plan, irrespective of whether or how such Holder voted.  Each and every one of the Modifications does not impact the treatment of Holders under the Plan.  Indeed, the vast majority of the Modifications are intended to either (i) clarify ambiguities, or (ii) correct typographical errors.  With respect to the Modification regarding the timing of the Plan Supplement, to the extent the Plan Supplement documents do not impact the treatment of Holders under the Plan, which the Debtor represents they will not, it similarly will not impact Holders, adversely or otherwise.

*[Remainder of Page Intentionally Left Blank]*

**WHEREFORE**, the Debtor respectfully requests this Court enter an order, or otherwise include a provision in the order confirming the Plan to the extent the Court confirms the same at the Combined Hearing, (i) authorizing the Modifications to the Plan, (ii) determining the Modifications do not adversely affect the treatment of the Holder of any Claim or Interest under the Plan, (iii) determining the Debtor is not required to re-solicit ballots on the Plan, as modified, and (iv) ordering the prior acceptances of the Plan by Holders of Claims and Interests be applied to, and used in connection with, confirmation of the Plan as modified by the Modifications.

Dated:   April 11, 2026

Respectfully submitted,

**PACK LAW**
4649 Ponce de Leon Blvd., Suite 405
Coral Gables, Florida 33146
Telephone: (305) 916-4500

By:   */s/ Jessey J. Krehl*
Joseph A. Pack
Email:  joe@packlaw.com
Florida Bar No. 117882
Jessey J. Krehl
Email:  jessey@packlaw.com
Florida Bar No. 1025848

*Counsel to the Debtor and Debtor-in-Possession*