**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov



In re:

PAT MCGRATH COSMETICS LLC,[1]

Debtor.

Chapter 11

Case No. 26-10772-LMI

---

**BALLOT FOR VOTING TO ACCEPT OR REJECT DEBTOR'S PLAN OF**
**REORGANIZATION PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

**CLASS 6 ALLOWED GENERAL UNSECURED CLAIM**

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR**
**COMPLETING BALLOTS CAREFULLY BEFORE COMPLETING THIS BALLOT.**

**IN ORDER FOR YOUR VOTE TO BE COUNTED, THIS BALLOT**
**MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS**
**TO BE <u>ACTUALLY RECEIVED</u> BY APRIL 7, 2026 AT 4:00 P.M.**
**PREVAILING EASTERN TIME (THE "VOTING DEADLINE")**
**IN ACCORDANCE WITH THE FOLLOWING:**

If you are the Holder of an Allowed General Unsecured Claim (Class 6), please use this ballot (this "<u>Class 6 Ballot</u>" or "<u>Ballot</u>") to cast your vote to accept or reject the *First Amended Plan of Reorganization of Pat McGrath Cosmetics LLC Pursuant to Chapter 11 of the Bankruptcy Code* (as may be amended, modified, or supplemented, the "<u>Plan</u>"),[2] which is being proposed by the above-captioned debtor and debtor in possession (the "<u>Debtor</u>"). The Plan is included in the solicitation package distributed herewith.

You should review the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your claim has been placed in Class 6 under the Plan. If you hold claims or equity interests in more than one class, you will receive a ballot for each class in which you are entitled to vote.

If your ballot is not received by the Bankruptcy Court (either electronically by registered users or conventionally at 301 N. Miami Ave., Room 150, Miami, FL 33128), consistent with Local Rule 3018-1,

---

[1] The last four digits of Pat McGrath Cosmetics LLC's tax identification number are 3615 and its mailing address is 29 East 19th Street, 8th Floor, New York, NY 10003.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Plan.

on or before April 7, 2026, at 4:00 P.M. Prevailing Eastern Time, and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan.

**IF THE PLAN IS CONFIRMED BY THE BANKRUPTCY COURT,
IT WILL BE BINDING ON YOU WHETHER OR NOT YOU VOTE.**

**THE VOTING DEADLINE IS APRIL 7, 2026 AT 4:00 P.M. PREVAILING EASTERN TIME.**

**Item 1.  The 6 Claim.**

| | |
|---|---|
| Claimant: KM Artist Agency LLC DBA Apostrophe | Claim Amount: $29704.54 |

**Item 2.  Vote on Plan.**

The Holder of the Claim set forth in Item 1 votes to (please check only one; check neither to abstain):

☐ **ACCEPT** (vote FOR) the Plan          ☒     **REJECT** (vote AGAINST) the Plan

**IMPORTANT INFORMATION REGARDING
CERTAIN RELEASES BY HOLDERS OF CLAIMS:**

**IF YOU VOTE TO ACCEPT THE PLAN, YOU WILL BE DEEMED TO GRANT THE RELEASES FOUND IN ARTICLE VIII.C OF THE PLAN (REPRODUCED BELOW) REGARDLESS OF WHETHER YOU CHECK THE BOX IN ITEM 3 BELOW.**

**IF YOU ABSTAIN FROM VOTING OR VOTE TO REJECT AND SUBMIT A BALLOT WITHOUT CHECKING THE BOX IN ITEM 3 BELOW, YOU WILL BE DEEMED TO CONSENT TO THE RELEASES SET FORTH IN ARTICLE VIII.C OF THE PLAN.**

**IF YOU FAIL TO SUBMIT A BALLOT, YOU WILL BE DEEMED TO HAVE CONSENTED TO THE RELEASES FOUND IN ARTICLE VIII.C OF THE PLAN.**

**IF YOU ABSTAIN FROM VOTING OR VOTE TO REJECT, YOU MUST OPT OUT OF THE RELEASES PROVIDED IN ARTICLE VIII.C OF THE PLAN BY CHECKING THE BOX IN ITEM 3 BELOW IN ORDER TO NOT BE BOUND BY SUCH RELEASES.**

***IF YOU WISH NOT TO BE BOUND BY THE RELEASES IN ARTICLE VIII.C OF THE PLAN YOU MUST "OPT OUT" BY CHECKING THE BOX IN ITEM 3.***

**Item 3.  Important Information Regarding the Proposed Releases.**

Important Information Regarding the Proposed Releases (including the Proposed Releases by Holders of Claims and Interests) are excerpted from the Plan below; please review the Plan and the Disclosure Statement in full.  Moreover, please be advised that the language of the proposed releases included herein may be materially modified at such time that the Plan is confirmed.

## Key Definitions

"Released Party" means, collectively, each of the following in their respective capacities as such: (a) Pat McGrath and any persons or Entities retained pursuant to sections 327 and 363 of the Bankruptcy Code; and (b) with respect to each of the foregoing Persons and Entities in clause (a), such Person's or Entity's predecessors, successors and assigns, subsidiaries, Affiliates, and all of their respective current and former officers, managers, directors, principals, direct and indirect shareholders, direct and indirect members, advisors, consultants, and employees. Notwithstanding anything contained herein or in Plan documents, the Released Parties shall not include any person or entity listed in the Schedule of Retained Causes of Action to be included in the Plan Supplement or any affiliate thereof.

"Releasing Party" means, collectively, each of the following in their respective capacities as such: (a) the Debtor and the Reorganized Debtor; (b) with respect to each of the foregoing Entities in clause (a), such Entities' predecessors, successors and assigns, and all of their respective current and former officers, managers, directors, principals, direct and indirect members, employees, management companies, agents and other professionals, and such persons' respective heirs, executors, estates, servants and nominees; (c) each Holder of a Claim entitled to vote on the Plan that votes to accept the Plan; (d) each Holder of an Interest, whether or not entitled to vote on the Plan, who does not affirmatively opt out of the releases provided by the Plan on the applicable opt-out form provided to such Holder; and (e) without limiting the foregoing, each Holder of a Claim or Interest who is entitled to vote on the Plan and abstains from voting on the Plan or votes to reject the Plan (or is deemed to pursuant to the terms hereof) and who does not affirmatively opt out of the releases provided by the Plan on the applicable Ballot indicating that they opt not to grant the releases provided in the Plan.

## Debtor Release

**Notwithstanding anything contained in the Plan to the contrary, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, on and after the Effective Date, each Released Party, Dame Pat McGrath, GDA, in its capacities as the DIP Lender and Prepetition Lender and in its corporate capacity, and Keyhaven is deemed released and discharged by the Debtor, the Reorganized Debtor, its Estate, and their Releasing Parties from any and all Causes of Action, including any derivative claims, which have been or may be asserted on behalf of the Debtor, that the Debtor, the Reorganized Debtor, or its Estate would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim against, or Interest in, the Debtor or other Entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtor (including management, ownership, or operation thereof), the Debtor's in- or out-of-court restructuring efforts, the Chapter 11 Case, the Disclosure Statement, the Plan, the DIP Term Sheet, the Restructuring Term Sheet, the Restructuring Transactions, release, or other Plan Transaction Document, agreement, or document created or entered into in connection with the Disclosure Statement, or the Plan, the filing of the Chapter 11 Case, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date, other than claims or liabilities arising out of or relating to any act or omission of a Released Party to the extent such act or omission**

3

constituted actual fraud or gross negligence. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release any post-Effective Date obligations of any party or Entity under the Plan, any Restructuring Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement(s)) reinstated with respect to, or executed to implement, the Plan.

### Releases by Holders of Claims and Interests

Notwithstanding anything contained in this Plan to the contrary, and in all respects subject to the DIP Orders and the Restructuring Term Sheet, as of the Effective Date, for good and valuable consideration, each Releasing Party is deemed to have released and discharged each Released Party, Dame Pat McGrath, GDA, in its capacities both as the Prepetition Lender and the DIP Lender, and Keyhaven from any and all Causes of Action, whether known or unknown, including any derivative claims, asserted on behalf of the Debtor, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtor (including management, ownership, or operation thereof), the Debtor's in- or out-of-court restructuring efforts, the Chapter 11 Case the Disclosure Statement, the Plan, or the Restructuring Transaction, contract, instrument, release, or other Plan Transaction Document, agreement, or document created or entered into in connection with the Disclosure Statement, or the Plan, the filing of the Chapter 11 Case, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date, other than claims or liabilities arising out of or relating to any act or omission of a Released Party to the extent such act or omission constituted actual fraud or gross negligence. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release any post-Effective Date obligations of any Person or Entity under the Plan, any Restructuring Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) Reinstated with respect to, or executed to implement the Plan. For the avoidance of doubt, nothing in this Plan shall release, waive or otherwise limit the rights of all Persons and Entities who have held, hold, or may hold direct, independent Claims against any non-Debtor party without such Person or Entity's consent or deemed consent as provided for in the Plan, Disclosure Statement, any Ballot to vote on the Plan, or order of the Bankruptcy Court.

Please be sure that you have read the releases contained in Article VIII of the Plan (reproduced above), in addition to the whole of the Plan and the Disclosure Statement.

**COMPLETE THIS ITEM 3 ONLY IF YOU ARE ABSTAINING FROM VOTING ON THE PLAN OR VOTING TO REJECT THE PLAN IN ITEM 2 ABOVE.**

The Holder of the General Unsecured Claim identified in Item 1 above elects to:

> ☒ **OPT OUT of the Release in Article VIII.C of the Plan**
> **(Releases by Holders of Claims and Interests)**

4

Item 4. Certifications.

By signing this Class 6 Ballot, the undersigned Entity or Individual certifies to the Bankruptcy Court and the Plan Proponent that:

(a)    (i) the Entity or Individual is the Holder of the Claim being voted; or (ii) the Entity or Individual is an authorized signatory for an Entity or Individual that is a Holder of the Claim being voted;

(b)    the Entity or Individual (or in the case of an authorized signatory, the Holder) has received the Plan and associated solicitation package and acknowledges that this solicitation is being made pursuant to the terms and conditions set forth therein; and

(c)    no other Class 6 Ballots with respect to the amount of the Claim identified in Item 1 have been cast or, if any other Class 6 Ballots have been cast with respect to such Claim, then any such earlier Class 6 Ballots are hereby revoked.

| | |
|---|---|
| Name of Holder: | KM Artist Agency LLC DBA Apostrophe |
| | (Print or Type) |
| Signature: | *Jaci Portillo* (signature) |
| Name of Signatory: | Jaci Portillo |
| | (If other than the Holder) |
| Title: | Finance Manager |
| Address: | 217 Centre Street - 7th Floor, Mailbox 8 |
| | New York NY 10013 |
| Telephone Number: | 212.279.2252 |
| Email: | jaci@apostrophereps.com |
| Date Completed: | 4/3/26 |

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND DELIVER IT TO THE BANKRUPTCY COURT, EITHER ELECTRONICALLY (BY REGISTERED USERS) OR CONVENTIONALLY AT:**

CLERK OF UNITED STATES BANKRUPTCY COURT
301 N. MIAMI AVE., ROOM 150
MIAMI, FL 33128

IF THE BANKRUPTCY COURT DOES NOT **ACTUALLY RECEIVE** THIS CLASS 6 BALLOT **ON OR BEFORE APRIL 7, 2026** AT **4:00 PM (ET)** (AND IF THE VOTING DEADLINE IS NOT EXTENDED), THE VOTE TRANSMITTED BY THIS CLASS 6 BALLOT MAY NOT BE COUNTED TOWARD CONFIRMATION OF THE PLAN.